# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## American Locomotive Co. and Others v. Whitlock.

### March 11, 1909.

Absent, Keith, P., and Cardwell, J.

1. MASTER AND SERVANT—*Notice of Obvious Dangers—Risk of Employment.*—The law does not make it the duty of a master to warn a servant of an open and obvious danger of which he knows, or could have known by the exercise of ordinary care. Such dangers are risks incident to the employment.

2. INSTRUCTIONS—*Conflicting.*—A material error in an instruction complete in itself is not cured by a correct statement of the law in another instruction. The two being in conflict, the verdict of the jury will be set aside, as it cannot be told by which instruction the jury was controlled.

3. INSTRUCTIONS—*Partial View of the Evidence.*—An instruction which directs a finding for the plaintiff upon a hypothetical case stated therein is erroneous if it leaves out of view all of the evidence tending to prove a state of facts upon which there is no liability upon the defendant.

4. EVIDENCE—*Prior Inconsistent Statement of Witness—When Admissible.*—Prior inconsistent statements of a witness may be given in evidence to impeach his credibility, but for no other purpose.

5. INSTRUCTIONS—*Insufficient Evidence to Support.*—Since the abolition of the *scintilla* doctrine, an instruction ought not to be given when the evidence upon which it is based is clearly insufficient to sustain a verdict.

6. INSTRUCTIONS—*Jury Fully Instructed.*—It is not error to refuse further instructions when the instructions already given fully and fairly submit the case to the jury on the phases sought to be presented.

Error to a judgment of the Circuit Court of the city of Richmond in an action of trespass on the case.    Judgment for the plaintiff.    Defendants assign error.

*Reversed.*

The opinion states the case.

*McGuire, Reily & Bryan,* for the plaintiffs in error.

*Meredith & Cocke,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is an action to recover damages for personal injuries caused, as alleged, by the negligence of the defendants (plaintiffs in error) in whose service the plaintiff was employed as a carpenter.

The defendants operate a manufacturing establishment in the county of Henrico, consisting of a number of large shops. One of them, known as the "shovel shop," in which the plaintiff was injured, had been erected a short time before the accident, but had not been entirely completed.  This shop was a structure 340 feet in length and 100 feet in width, divided into three aisles running the entire length of the building, and in each aisle there was operated a crane, weighing some thirty thousand pounds, and running on tracks at an elevation of about 20 feet.    The tracks are laid on large iron girders supported by pillars about 20 feet apart, running from the floor up, and extending outside of and beyond the girders towards the roof of the shop.    The bridge of the crane is 47 feet in length, extending from one track to the other, and rests and runs upon iron wheels about two feet in diameter.    Suspended from the body of the crane, between the tracks, is a cage six or eight feet in diameter, in which stands the man who operates the crane.    Between the parallel beams composing the crane

bridge or frame runs a trolley, to which is attached a chain and hook. By moving this trolley from one side of the bridge to the other, the weights attached to the hook are moved from one side of the aisle to the other side. The crane is moved up and down the track by electric power.

At the time of the accident, the line shafting to be used in the building had not been completed, though the crane had been in operation for some weeks in placing machinery in the building, and in packing locomotives for shipment. The line shafting was supported by hangers which were attached to wooden bridge-trees. The bridge-trees extended from the girders which supported the tracks of the cranes on the east and west sides of the shop to "I" beams running parallel with the girders, the distance from the centre of the track to the centre of the "I" beam being between five and six feet. Between each of the pillars upon which the girders rested and the "I" beam there was framing, consisting of iron beams, strut, wooden hangers and bridge-trees.

On the morning the plaintiff was injured, he had been ordered by the foreman of the carpenters to go with another employee and assist in putting up hangers, which were the wooden parts of the bridging that ran along outside of the eastern girder and rail of the track of the western crane. Whilst the plaintiff and the carpenter whom he was directed to assist were engaged in that work, he was struck or caught by the western crane, which was being operated that morning, and dragged some fifteen feet, when to save himself from being carried against one of the pillars south of him, he caught hold of a piece of framing with his left hand and seized the track with his right hand, involuntarily as it seems, and the crane wheels passed over a part of that hand, cutting off three fingers.

No warning had been given the operator of the crane that the plaintiff and his associate were at work near, but on the outside of the track of the crane, nor to the plaintiff that the

crane was approaching. The failure on the part of the defendants to give such warning, or to keep a lookout, it is insisted by the plaintiff was negligence, because of the danger of the situation in which he was working and the existence of a custom that such warning should be given.

The defendants on the other hand, deny that there was such a custom, and claim that it was not their duty to warn the plaintiff of the movement of the crane, since any danger to him from that source was open and obvious.

Upon this question the court gave instructions Nos. 1 and 2, asked for by the plaintiff. The giving of each is assigned as error.

Instruction No. 1 is as follows: "The jury are instructed that it was the duty of the defendants to exercise reasonable and ordinary care to furnish Hilary L. Whitlock a reasonably safe place in which to do the work required of him, and to protect him when exercising on his part reasonable and ordinary care under the then existing conditions and surroundings against an accident or injury from the running or operating of the car or traveller of the crane, as could have been reasonably foreseen; and to that end, if the place in which he was required to be in the performance of his work, or in going to or from the same, would in reasonable probability become dangerous by reason of any perils arising from the running or operating said traveller, it was the duty of the defendant to use some reasonable and proper means commensurate with such danger by giving him notice of the approach of said traveller, or otherwise, to give him reasonable protection when exercising on his part reasonable and ordinary care under the then existing circumstances, from being struck by the said traveller. If the jury believe from the evidence that the defendants failed to perform such duty, and that the said Hilary L. Whitlock was injured as alleged in the declaration by reason of such failure to perform said duty, then they must find for

the plaintiff, unless they believe that the said H. L. Whitlock failed to exercise reasonable and ordinary care under the conditions and circumstances surrounding him, with his knowledge or opportunity of knowledge thereof to protect himself from being run against or struck by said traveller and injured."

The objection made to that instruction is that it imposed upon the defendants the duty of warning the plaintiff of the movements of the crane, when the danger to him from such movements were open and obvious, and were therefore known, or could have been known to him by the exercise of ordinary care.

The evidence tended to prove that the place where the plaintiff was working the morning he was injured was not necessarily dangerous from the movements of the crane. It was outside of the area over which the crane passed, and the plaintiff was in no danger from its passing back and forth by him, unless he placed some portion of his body inside the area over which the crane moved. On the day before the accident, he was doing similar work on the eastern side of the shop, and while working there placed himself in a position of danger from the crane, and, being seen by the operator of the crane, it was stopped, and he was told to get out of the way. On the morning that he was injured, the crane passed the place where he was working at least six times, though during that time, which was between one and two hours, the plaintiff was twice absent a few minutes getting tools. The crane by which he was injured had been in operation for some three weeks, placing machinery and packing engines, moving over the track at irregular intervals.

From these and other facts which the evidence tended to prove, the jury might have believed that the danger from the passing crane was open and obvious, and that the plaintiff knew, or by the exercise of ordinary care could have known, of the danger and avoided it. If the danger was open and

obvious, then it was one of the risks incident to the employment, and the law did not make it the duty of the defendants to warn the plaintiff of such danger.    *N. & W. Ry. Co.* v. *Donally,* 88 Va. 853, 14 S. E. 692; *Locomotive Works* v. *Ford,* 94 Va. 627, 27 S. E. 509; *Gay* v. *Southern Ry. Co.,* 101 Va. 466, 470, 44 S. E. 707.

We are of opinion, therefore, that instruction No. 1 was erroneous in this respect.

But it is insisted that even if it was erroneous, the error was cured by instruction No. 4, given for the defendant.    The two instructions are inconsistent, upon a very material question in the case.    The fact that No. 4 correctly stated the law does not cure the error of No. 1, which was a complete instruction in itself, and may have controlled the jury in their finding. *Virginia, &c. Co.* v. *Chalkley,* 98 Va. 62, 34 S. E. 976; *N. & W. Ry. Co.* v. *Mann,* 99 Va. 180, 37 S. E. 849; *Norton Coal Co.* v. *Hanks,* 108 Va. 521, 62 S. E. 335.

Instruction No. 2, given at the request of the plaintiff, is objected to upon the same ground as No. 1, and upon the additional ground that there was no evidence upon which to base it.

That instruction is as follows: "If the jury believe from the evidence that it was the custom of the defendants when ordering an employee to do work in such close proximity to the track upon which the traveller was run as to be in danger of being struck by same when so at work to notify the floorman in control of such crane of such presence of such employee so at work, in order that such floorman could so control such running of such traveller as reasonably to protect such employee so at work when said employee was exercising ordinary care under the surrounding circumstances from being struck by said traveller when being operated, and that such custom was a precaution reasonably necessary to give such employee reasonable protection against said traveller, and shall further

believe that, when the said Hilary L. Whitlock was required to do the work directed, he was placed in such dangerous proximity to said traveller, and that the defendant failed to give said floorman notice of such presence of said Whitlock so at work, and took no other means to let said floorman know of such presence of said Whitlock, and that said floorman did not know of such presence, then they must hold that the defendants were guilty of negligence in so acting, and if they believe that the said Whitlock was injured, as alleged in the declaration, by reason of such negligence, they must find for the plaintiff, unless they believe that the said Whitlock failed to exercise reasonable and ordinary care under the conditions and circumstances surrounding him with his knowledge or opportunities of knowledge thereof to protect himself from being run against or struck by said traveller and injured."

This instruction also leaves out of view the evidence tending to show that the said danger from the crane was open and obvious, as did instruction No. 1, so that what was said in discussing that instruction is applicable to No. 2, and need not be repeated.

The witnesses relied on to establish the custom upon which the instruction is based are Griggs, Mays, Brown, Williams, the plaintiff and his mother. Griggs and Mays were "hangers on" or "floormen" in the boiler shop where there was a custom, but the conditions were very different, and they stated nothing as to any such custom in the "shovel shop." Brown who worked in the shovel shop proved that there was such a custom as to employees working within the tracks of the crane, but that there was no such custom as to those working outside of the tracks. The plaintiff's mother knew nothing about the alleged custom— except what she had heard one of the defendants' witnesses say before the trial. Her statement was admissible to impeach that witness' credibility, but was evidence for no other purpose. *Charlton* v. *Unis*, 4 Gratt. 58. Williams and the plaintiff

proved that they had been told by the operators of the cranes the day before the accident, when they were on or so near the track as to be in danger, to get out of the way. The fact that the operator who happened to see their peril called their attention to it does not prove that it was his duty to keep a lookout for them, since his duties required him, as is shown, to watch the crane load so as to prevent injuring anyone on the floor below, or that there was a custom that they should be warned of the approach of the crane. Seeing their danger, it would have been negligence not to have warned them of it. But that evidence, in the face of the positive and uncontradicted evidence of the defendants' witnesses, that there was no such custom, hardly tends to prove, much less proves, the custom. Since the abolition of the *scintilla* doctrine, an instruction ought not to be given when the evidence upon which it is based is clearly insufficient to sustain a verdict.

The action of the court in refusing to give instructions Nos. 6 and 7, asked for by the defendants, is assigned as error.

The phase of the case intended to be covered by instruction No. 6 was fully and fairly submitted to the jury by the defendants' instruction No. 5 and the court's instruction "A."

The principle of law stated in instruction No. 7 is sufficiently covered by instruction No. 4 given for the defendants.

The court, therefore, did not err in refusing to give instructions Nos. 6 and 7.

As the judgment will have to be reversed for reasons hereinbefore stated, it is unnecessary and could serve no useful purpose to consider the remaining assignment of error, that the verdict of the jury is contrary to the evidence, as the evidence may not be the same upon the next trial.

The judgment will be reversed, the verdict of the jury set aside and the cause remanded for a new trial to be had, not in conflict with the views expressed in this opinion.

*Reversed.*