# Wytheville

## HIGGINS v. WHITMORE

### June 11, 1914.

1. APPEAL AND ERROR—*Verdicts—Conflicting Evidence—Negligence.*—Where the negligence of the defendant and the contributory negligence of the plaintiff, upon conflicting evidence, have been fairly submitted to the jury, their verdict approved by the trial court will not be disturbed by this court.

2. INSTRUCTIONS—*Evidence to Support.*—Instructions which present the plaintiff's theory of the case, and accord with the findings of the jury, sustained both by the trial court and this court, cannot be said to be without evidence to support them.

3. INSTRUCTIONS—*Incompleteness—Read As a Whole.*—The rule that an instruction which purports to cover the entire case and calls for a verdict must be predicated upon all the material facts, which the evidence proves or tends to prove is not violated when an incomplete statement in one instruction is so supplemented by an additional statement in another instruction as to include in both a complete statement of the case. Instructions are to be read and considered as a whole, and an incomplete statement in one instruction may be cured by a supplemental statement in another, if when both are read together the court can see that the jury could not have been misled by the incomplete instruction.

4. INSTRUCTIONS—*Object of—How Accomplished.*—The real object of instructions is to enlighten the minds of the jury on the law of the particular case, and where the court can see that that object has been accomplished and the law of the case has been fairly submitted to the jury, it will not enquire whether it was done by one instruction or by more than one.

Error to a judgment of the Circuit Court of Norfolk county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The following instruction were given by the court:

## PLAINTIFF'S INSTRUCTIONS.

1. "The court further instructs the jury that the burden of proving the defendant guilty of negligence rests upon the plaintiff, but if the defendant seeks to relieve himself of liability by reason of the plaintiff having been guilty of contributory negligence, the burden of proving such contributory negligence rests upon the defendant, which proof must be by a preponderance of the evidence, which may be proven by the plaintiff's own evidence or other facts and circumstances of the case."

2. "The court further instructs the jury that if they believe from the evidence that the plaintiff was an employee of the defendant and that the defendant was building a house near Glenwood Park, in Norfolk county, Virginia, and built the stage or scaffold around the back of the house out of unsound and decayed lumber without exercising ordinary care to discover said unsound and decayed condition, and that the said defendant directed the plaintiff in the course of his work to go upon the said scaffold and the plaintiff relying upon the skill and experience of the defendant, and using the ordinary care that an ordinarily prudent man would have used under the same circumstances, was by the breaking of the decayed and unsound lumber composing the said scaffold caused to fall and was injured that then the jury must find for the plaintiff, and in finding for the plaintiff they may take into consideration the time lost from work by the plaintiff, his incapacity to continue his vocation, until recovered from his injury, his mental and physical suffering, and may asesss the damages as they deem proper and just, not to exceed the sum of $5,000.00."

5. "The court instructs the jury that it is a funda-

mental principle of law that the defendant owes to the plaintiff the duty to use ordinary care and diligence to provide a reasonably sound and safe place to work; and was equally bound to inspect and examine such place or material from time to time, and to use ordinary care and skill to discover and repair defects therein and not to use defective material for the construction of places upon which the plaintiff at the orders and instance of the said defendant should have to work. If, therefore, the jury believes from the evidence that the boards and planks out of which the scaffold and stage erected in the back part of the house in question, for the purpose of the plaintiff and other employees of the said defendant standing and working upon in the usual and customary course of their business, were rotten and decayed and the said defendant knew, or had been advised, or ought to have known by the exercise of ordinary care, that the planks and boards aforesaid were rotten and decayed, and that the plaintiff using such care and prudence as an ordinarily prudent man would have exercised under the same circumstances, at the special instance and request of the said defendant went upon the aforesaid scaffold, made as aforesaid, and was injured because of the breaking of the said decayed and rotten planks, that then the jury must find for the plaintiff.''

## DEFENDANT'S INSTRUCTIONS.

1. ''The court instructs the jury that the law does not constitute the employer an insurer of the safety of his employee, but he is only required to use such care as ordinarily prudent persons use under the circumstances. On the other hand, the employee assumes all the ordinary risks incident to the service in which he is engaged, including all risks from causes which are either known to

him, or which by the exercise of ordinary care he could have known, and he must exercise ordinary care and caution for his own safety while engaged in the employer's service, and if the jury believes from the evidence that the plaintiff at the time of the accident, either knew, or by the exercise of ordinary care might have known, that the scaffold was so unsafe that a reasonably prudent man would not use the same, and went upon the same, whereby the injury complained of resulted, he was guilty of contributory negligence in so doing, and cannot recover in this case even though the defendant may have been guilty of the negligence charged in the declaration.''

2.   ''The court instructs the jury that negligence cannot be inferred from the mere happening of the accident, but the burden is upon the plaintiff to prove by a clear preponderance of the evidence that the defendant was negligent in the manner alleged in the declaration, and that the negligence charged in the declaration was the direct and proximate cause of the plaintiff's injury, and if the preponderance of the evidence does not establish these facts they should find for the defendant.''

4.   ''The court instructs the jury that if they believe from the evidence that the plaintiff, in the absence of defendant, was the foreman of the work of the defendant, and had charge of the same in the defendant's absence, and as such had the direction of the work, then it became and was his duty to exercise ordinary care to see that the scaffold was reasonably safe and that the planks therein were not defective, and if under these circumstances a defective plank was upon the scaffold with his knowledge, he cannot recover in this case.''

5.   ''The court instructs the jury that no matter what negligence, if any, the defendant may have been guilty of, the plaintiff is not entitled to recover in this action

unless the defendant was guilty of the identical negligence charged in the declaration, and that that negligence was the proximate cause of the accident, and unless they believe from the evidence that the particular negligence charged in the declaration was the proximate cause of the accident, they must find for the defendant.''

6. ''The court instructs the jury if they believe from the evidence that the defendant Higgins, in Whitmore's presence, in order to insure the strength of the scaffold, placed a third board upon it, and that afterward the board which was placed thereon was removed, thereby weakening the scaffold, and afterwards the plaintiff in the defendant's absence, went upon the stage and scaffold in that condition with knowledge of the fact (if they believe from the evidence that it was a fact) that it was weakened by said removal, then the plaintiff assumed the risk of the danger caused by the removal of the plank which Higgins had placed upon it and of the weakened condition of the scaffold occasioned thereby, and if as the result thereof, the scaffold broke and plaintiff was injured, the defendant is not liable in this case.''

7. ''If the jury believe from the evidence that the lumber out of which the scaffold was constructed, and that the plank which broke with the plaintiff were so obviously unsound that a reasonably prudent person would decline to use the same, and that the plaintiff under these circumstances, went upon the same and was injured as alleged in the declaration, he cannot recover in this case.

''If, on the other hand, the jury believe from the evidence that the defective condition of the board, if it was defective, was not apparent and could not have been discovered by a person exercising ordinary care, then there can be no negligence charged against the defendant, and the plaintiff cannot recover in this case.''

8.   "The court instructs the jury that where a servant has been assigned and directed to do certain work at a particular place and voluntarily leaves his post of duty and enters upon other work which he has not been directed to do and is injured in consequence thereof, he has no remedy against his employers, and if the jury believe from the evidence that the plaintiff, Whitmore, was instructed by his employer to cut out and construct rafters upon the ground to be used in the building which was being constructed, and that while his employer was away he voluntarily and contrary to the directions from the defendant, left the work which he had been assigned to do and went upon the scaffold and was injured as alleged in the declaration, he cannot recover in this case."

The following instruction tendered by the defendant was rejected on the motion of the plaintiff, and the defendant excepted.

"The court instructs the jury that if they believe from the evidence that the use of the scaffold from which the plaintiff fell had been abandoned by the carpenters, and was not needed in the work in which the plaintiff was engaged and that he went upon the same voluntarily and unnecessarily and without directions from the defendant and was injured thereby, he cannot recover in this case."

*Jeffries, Wolcott, Wolcott & Lankford,* and *J. McBride Webb,* for the plaintiff in error.

*O. L. Shewmake* and *Foreman & Bradford,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The plaintiff in error, Higgins, who was an experienced carpenter, employed the defendant in error, Whit-

more, along with other carpenters and laborers, to assist him in the construction of a dwelling-house for himself in the section of Norfolk county known as Glenwood Park. Higgins, with the assistance of two laborers, personally erected a scaffold for the use of his employees in weatherboarding and other work on the building. Whitmore, while engaged in his work, stepped on the staging of the scaffold, and by the breaking of a partially rotten board fell to the ground and sustained injuries for which the jury awarded him $400 damages against his employer. The judgment sustaining that verdict is now before us for review.

The assignments of error are:

1. That the court erred in overruling the motion of the defendant to set aside the verdict as contrary to the law and the evidence; and

2. In giving two instructions at the request of plaintiff, and in refusing to give one of nine instructions requested by the defendant.

1. The conflict of evidence on the opposing theories of the case advanced respectively by the plaintiff and defendant has been set at rest by the verdict of the jury; and from the view-point of a demurrer to the evidence, the evidence is quite sufficient to sustain the verdict. The plaintiff and his helper began to build the scaffold, but they were stopped by the defendant and put on other work, while he, assisted by two laborers, erected the scaffold and in laying the staging used second hand boards, taken from a pile of lumber that had been used on the board walks of Glenwood Park. The plaintiff called his attention to the unsound condition of some of that material, but was assured by the defendant that he was an experienced scaffold builder and that the structure would be safe. Shortly before the accident the defendant discovered that the stage or floor of the scaffold was limber and springy, and to remedy that defect laid a third

board on top of the two already in place. On the evening before the accident he noticed that the added plank had been removed; yet he admits that he paid no attention to that circumstance, and neither replaced the board nor advised Whitmore of the infirmity of the staging in its absence. The plaintiff never saw the third board, and it was not where the defendant says he put it when the accident happened.

In these circumstances, the plaintiff in the prosecution of his work, went on the scaffold, and when he had reached a point midway of the staging stepped on the inside plank, 2 x 8 inches in dimension, which broke and he fell to the ground and was injured.

The defendant was employed by the manager of Glenwood Park, and that service occupied about one-half of his time. On the morning of the accident he was called away from work on his building by the manager, and testifies that before leaving he stopped the plaintiff from weather-boarding and directed him to stay on the ground and show McDaniels (a new man) how, and to help him, to get out rafters for the roof; and that he left him in charge of the entire work as foreman during his absence. This point is stressed to support the contention that the plaintiff went on the scaffold in disobedience of orders, and, moreover, that as vice-principal the duty devolved upon him to look after the safe condition of the scaffold.

If the premises be correct under the circumstances (as to which we need express no opinion), the fact is ignored that there is a conflict in the testimony of the parties touching this incident. The plaintiff explicitly testifies that on the morning in question his orders were to take his helper and finish weather-boarding, and that he was also instructed to watch McDaniels, who had only been employed on the job for a day or two. Without going further into details of the evidence, it is sufficient to

say, that the question of the negligence of the defendant and the contributory negligence of the plaintiff, upon conflicting evidence, was fairly submitted to the jury, whose verdict in behalf of the plaintiff was approved by the trial court. Upon familiar principles, therefore, the verdict in such case cannot be disturbed by an appellate court.

2. The grounds of objection to the instructions granted on the request of the plaintiff are, that they were without evidence to support them, and that they call for a verdict on a given state of facts and ignore the circumstance that the plaintiff was foreman in charge of the work with all the authority of the master in the defendant's absence and could have remedied the defect in the staging, and in that view of the case was not entitled to recover.

The instructions present the plaintiff's theories of the case, which are in accordance with the finding of the jury, sustained both by the trial court and this court, and that affords a sufficient answer to the objection that they were without evidence to support them.

The second objection to the instructions undertakes to bring the case within the influence of the recognized general rule that an instruction which purports to cover the entire case and calls for a verdict must "be predicated upon all the material facts which the evidence proves, or tends to prove." *Wright* v. *Agelasto*, 104 Va. 159, 51 S. E.. 191; *Southern R. Co.* v. *Blanford*, 105 Va. 373, 54 S. E. 1, *Vaughan M. Co.* v. *Stanton Co.*, 106 Va. 445, 56 S. E. 140; *American Locomotive Co.* v. *Whitlock*, 109 Va. 238, 63 S. E. 991.

But the rule is not violated when an incomplete statement in one instruction is so supplemental by an additional statement in another instruction as to include in both a complete statement of the case. Instructions are to be read and considered as a whole, and an incomplete

statement in one instruction may be cured by a supplemental statement in another, if when both are read together the court can see that the jury could not have been misled by the incomplete instruction. *Washington R. Co.* v. *Quayle,* 95 Va. 741, 30 S. E. 391; *Sun Life Assurance Co.* v. *Bailey,* 101 Va. 443, 44 S. E. 692. For an instructive discussion of the subject of "Instructions," see Burks' Pl. and Pr., ch. 35, p. 449, *et seq.*

Complaint is also made that the instructions for the plaintiff ignore the theory of the defendant that the former, at the time of the accident, was foreman in charge of the work, clothed with all the authority of the master during his absence, and ought to have remedied the defect in the staging. The jury, in another instruction, were specifically instructed upon that phase of the case, and were told that if they believed from the evidence the facts upon which the instruction was predicated, the plaintiff could not recover. Indeed, the court, on request of the defendant, gave eight instructions submitting every possible theory of the case from his standpoint, and each told the jury that if they believed from the evidence the facts recited therein, either that the plaintiff could not recover, or else that they must find for the defendant. It were well to be borne in mind that the real object of instructions at last is to enlighten the minds of the jury on the law of the particular case: and where the court can see that that end has been accomplished, and the law of the case fairly submitted to the jury, it would be beside the mark to stop to inquire whether it was done by one instruction or by more than one.

The court correctly refused the 9th instruction because there was no evidence to support it.

Upon the whole case, we find no reversible error in the judgment complained of, and it must be affirmed.

*Affirmed.*