# Richmond.

## LEVINE v. LEVINE.

### March 18, 1926.

### Absent, West, J.

1. INSTRUCTIONS—*Directing Verdict Upon a Partial View of the Case.*—The general rule is that an instruction which directs a verdict upon a hypothetical statement of facts must state a complete case.

2. INSTRUCTIONS—*Gift by Wife's Father—Husband Claiming that Gift was to Him, Wife Claiming that Gift was to Her—Error in Instruction Cured by Another Instruction—Case at Bar.*—In the instant case, an action by a wife against her husband, the husband claimed that a gift of a check by his wife's father was to him, whereas, the wife claimed that the gift was to her. The court instructed the jury that if they believed that the gift was to the wife they should find for the wife, and if they believed that it was to the husband, they should find for the husband. This instruction was objected to as directing a verdict upon an incomplete statement of the case, ignoring as it did the question whether at the time the wife turned the check over to the husband there was any agreement that the amount should be repaid to the wife. The issue, however, between the parties made by the testimony was as to whom the gift was made and not as to the disposition of the proceeds. To meet this issue, the instruction was given.

  *Held:* That while the Supreme Court of Appeals was not prepared to say the instruction was erroneous, yet if error it was harmless as the husband's view of the case was fully set forth in another instruction.

3. INSTRUCTIONS—*Error in Instructions—Error Cured by Another Instruction—Instructions to be Read as a Whole.*—Usually positive error in one instruction cannot be cured by a correct statement of the law in another instruction, but where the error consists in mere incompleteness in an instruction, such incompleteness may be cured by a fuller statement in another instruction. Instructions are to be read as a whole.

4. INSTRUCTIONS—*Error in Instruction—Where Instruction Could not have Misled Jury.*—Jurors are selected with reference to their intelligence and character, and their verdicts are to be considered as the result of deliberation of men of that type, and where it can be seen that

men of average intelligence and ability could not have been misled by an improper instruction, their verdict will not for that reason be disturbed.

5. INSTRUCTIONS—*Refusing Instruction—Covered by Instruction Already Given.*—It is not error to refuse instructions tendered by a party where they are adequately covered by an instruction given for that party.

6. APPEAL AND ERROR—*Rule Twelve of the Supreme Court of Appeals—Ground for Exception.*—Rule twelve of the Supreme Court of Appeals provides that in civil and criminal cases all objections to writs of every kind, pleadings, instructions, notices, the admissibility of evidence, or other matters requiring a ruling or judgment of the trial court, shall state with reasonable certainty the ground of such objection, and, unless it appears from the record to have been so stated, such objection will not be considered. The chief reason for the adoption of this rule was to compel litigants to make their exceptions and objections before the trial courts, and to prevent the trial in the Supreme Court of Appeals of a different case from that presented to the trial court, but it was not intended that a strict compliance with the letter of the rule should be necessary to enable a litigant to ask the consideration by this court of an objection or exception which was plainly and manifestly made in the trial court, and the grounds of which appear from the ruling thereon by the trial court.

7. APPEAL AND ERROR—*Rule Twelve of the Supreme Court of Appeals—Ground for Exception—Case at Bar.*—In the instant case, an action by a wife against her husband, the question at issue was whether a gift of a check by the wife's father was to her or to her husband. There was a verdict and judgment for the wife. Objection was made to the consideration of an exception to the action of the trial court in refusing to instruct the jury as to their duty in the event they should believe from the evidence that the check was a joint gift to the plaintiff and defendant on the ground that there was no evidence that it was a joint gift, because it was alleged that the ground of the exception was not shown as required by rule twelve of the Supreme Court of Appeals. The exception and ground thereof plainly appeared from the bill of exception, read in connection with other parts of the record. The check and the indorsements thereon were as much a part of the evidence in the case as the testimony of the witnesses. The testimony was as conflicting as it could be, and in some respects was vague and uncertain. The statement of the court to the jury "that the evidence did not support such a finding that it was a joint gift," took away from the jury all consideration of the check as evidence, and was error for which its judgment must be reversed.

8. GIFTS—*Husband Claiming that Gift was to Him, Whereas, His Wife Claimed*

*that it was to Her—Joint Ownership—Case at Bar.*—In the instant
case, an action by a wife against her husband, the wife claimed that
a check of her father was a gift to her, while the husband claimed
that it was a gift to him. The fact that the defendant claimed the
sole ownership of the entire proceeds of the check did not preclude
him from claiming a less sum, if the check on its face, or other evidence in the case, showed that he was entitled to it. Whether or
not it did was a question for the jury.

Error to a judgment of the Circuit Court of the
city of Norfolk, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant
assigns error.

.                                                    *Reversed.*

The opinion states the case.

*John N. Sebrell, Jr.,* for the plaintiff in error.

*Jas G. Martin & Bro.,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

This was an action brought by Rebecca K. Levine
against her husband, Philip Levine, to recover one
thousand dollars which she claims was given to her by
her father as a wedding present, and which she loaned
to her husband on a promise of repayment, and which
he claims was given to him personally by the wife's
father. There was a verdict and judgment for the
wife against her husband for one thousand dollars
and the costs.

In April, 1924, the parents of the bride gave her an
"engagement party" for the "relatives on both sides,"
at which her engagement was announced. Both of the
parties were residents of Norfolk, and on July 13,
1924, they went to Petersburg, Virginia, and were
married, and a few days thereafter went on a bridal

tour to several northern cities. Shortly after their
return the parents of the bride gave the couple a
reception, and on that night, after the guests had gone,
and no one was present except the bride and groom,
and the parents of the bride, a check for $1,000 was
presented as a wedding present. The bride and her
father testified positively and circumstantially that
the check was given to her. The groom testified equally
positively and circumstantially that the check was
given to him. No other witness testified on the sub-
ject. The check and the endorsements thereon were
as follows:

"NORFOLK, VA., August 16, 1924. No. 1674.

"TRUST COMPANY OF NORFOLK."

"Pay to the order of Mr. & Mrs. Philip Levine,
$1,000.00.
"One Thousand_____ _____ _____no-100 Dollars.
"Wedding present.                    JOSEPH KESSER.

"Stamped:
        "Certified.
        "When properly endorsed
        "$1000 and 00 cts.
        "Aug. 22, 1924.

"TRUST COMPANY OF NORFOLK
"A. W. BROCK.

"Endorsed:
    "Mr. & Mrs. Philip Levine.
    "Rebecca Levine.
    "Philip Levine."

The first and second endorsements were made by the bride. The last by the groom. The check, with endorsements thereon, was offered in evidence by the plaintiff.

The first and only assignment of error we shall consider is that the trial court erred in giving and refusing instructions.

Only three instructions were given, Numbers 1 and 2 at the instance of the plaintiff, and No. 3 at the instance of the defendant. They were as follows:

"1. The court instructs the jury that if they believe from the evidence that the plaintiff loaned the defendant money and that he promised to return it and has not done so, it is the duty of the jury to find for the plaintiff for such money, and they may allow interest thereon during the period it has been owing.

"The fact that defendant is plaintiff's husband does not give him a right to her money.

"2. The court instructs the jury that if they believe from the evidence Kesser gave the $1,000 to the plaintiff, they should find for the plaintiff; and if they believe from the evidence Kesser gave the $1,000 to the defendant they should find for the defendant.

"3. The court instructs the jury that before they can find for the plaintiff in this case they must prove by a preponderance of the evidence that at the time the check was turned over to Philip Levine he then and there promised the said Rebecca Levine to repay the same.

"The burden of proving that he made such promise is upon the plaintiff and unless the jury are satisfied that he did make such promise, they should find for the defendant."

Objection is made to No. 2 on the ground that it directs a verdict upon an incomplete statement of the

case, in that it left open the question whether, at the time the wife turned the check over to the husband, there was any agreement that the amount of it should be repaid to the wife; the presumption being, in the absence of such an agreement, of a gift and not a loan.

[1] Undoubtedly, the general rule is that an instruction which directs a verdict upon a hypothetical statement of facts must state a complete case. Burks' Pl. & Pr. (2nd ed.), sec. 268, and numerous cases cited.

[2, 3] But it must be borne in mind that the testimony for the plaintiff was that the check was given solely and individually to her and that she loaned the amount to her husband upon his promise of speedy repayment, while for the defendant it was that the check was given solely and exclusively to him and for his individual benefit. The issue between the parties, made by the testimony, was as to whom the gift was made, and not as to the disposition of the proceeds after the making of the gift. To meet this issue, thus sharply made, instruction No. 2 was given, and we are not prepared to say it was erroneous. But, if error, it was harmless, as the defendant's view of the case was fully set forth in instruction 3, given at his instance. Usually positive error in one instruction cannot be cured by a correct statement of the law in another instruction (*American Locomotive Co.* v. *Whitlock*, 109 Va. 238, 63 S. E. 991), but where the error consists in mere incompleteness in an instruction, such incompleteness may be cured by a fuller statement in another instruction. Instructions are to be read as a whole. *Virginia Ry. & Power Co.* v. *Smith*, 129 Va. 269, 105 S. E. 532; *Henderson* v. *Foster*, 131 Va. 543, 124 S. E. 463 and cases cited.

[4] Jurors are selected, with reference to their intelligence and character, and their verdicts are to be considered as the result of deliberation of men of that type, and where, as here, it can be seen, that men of average intelligence and ability could not have been misled by an improper instruction, their verdict will not for that reason be disturbed. *Mut. Life Ins. Co.* v. *Brown*, 137 Va. 278, 119 S. E. 142.

[5] The trial court committed no error in refusing instructions A, B and C, tendered by the defendant, as they were adequately covered by instruction 3, given for the defendant.

Bill of exception No. 4 is as follows: "Be it remembered that during the trial of this case and after the introduction of the evidence as shown in Bill' of Exceptions No. 1, reference to which is hereby made, and after the jury had been instructed, as shown in Bill of Exceptions No. 2, reference to which is hereby made, and after argument by counsel, and after the jury had retired and considered of their verdict for several minutes, the jury came into court and asked the court to instruct them as to their duty in the event they should believe from the evidence that the check was a joint gift to the plaintiff and defendant, but the court refused to instruct the jury in this regard, saying to the jury that the evidence did not support such a finding that it was a joint gift; to which action of the court the defendant excepted, and tenders this his Bill of Exceptions No. 4, which he prays may be signed and sealed and made a part of the record in this case, which is accordingly done this 3rd day of August, 1925, and within the time allowed by law."

Objection is made to the consideration of this exception because the ground of the exception is not

shown as required by Rule XXII of this court.[1]   The chief reason for the adoption of this rule was to compel litigants to make their exceptions and objections before the trial courts, and to prevent the trial in this court of a different case from that presented to the trial court, but it was not intended that a strict compliance with the letter of the rule should be necessary to enable a litigant to ask the consideration by this court of an objection or exception which was plainly and manifestly made in the trial court, and the grounds of which appear from the ruling thereon by the trial court.

In the instant case the exception and grounds thereof plainly appear from the bill of exception, read in connection with other parts of the record.   The check and the endorsements thereon were as much a part of the evidence in the case as the testimony of the witnesses.   The testimony was as conflicting as it could be, and in some respects was vague and uncertain.   The statement of the court to the jury "that the evidence did not support such a finding that it was a joint gift," took away from the jury all consideration of the check as evidence, and was error for which its judgment must be reversed.

The fact that the defendant claimed the sole ownership of the entire proceeds of the check did not preclude him from claiming a less sum, if the check on its face, or other evidence in the case, showed that he was

_____

[1] "RULE XXII.

*"Procedure in Trial Courts—Objections—Effect on Appeal.*

"In civil and criminal cases, all objections to writs of every kind, pleadings, instructions, notices, the admissibility of evidence, or other matters requiring a ruling or judgment of the trial court, shall state with reasonable certainty the ground of such objection, and, unless it appears from the record to have been so stated, such objection will not be considered by this court except for good cause shown, or to enable this court to attain the ends of justice.

"This rule shall be in force on and after July 1, 1925."

entitled to it.   Whether or not it did was a question for the jury.

The judgment of the trial court must be reversed, the verdict of the jury set aside, and the case remanded to the trial court for a new trial.

*Reversed.*