# Richmond.

## NATHAN KESSLER v. MAX FRIEDMAN.

March 21, 1929.

The opinion states the case.

*J. L. Watts* and *M. J. Fulton*, for the plaintiff in ·error.

*Jacob S. Cohn*, for the defendant in error.

WEST, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Law and Equity Court, Part Two, of the city of Richmond, Virginia, in favor of Max Friedman against Nathan Kessler in the sum of $1,500.00, for insulting words, under section 5781 of the Virginia Code.

For convenience, Friedman will be referred to as plaintiff and Kessler as defendant.

Both plaintiff and defendant were members of the Lord Reading Club, a social club, of the city of Richmond. In January, 1927, the club met to consider the

question of assessments of dues against its members. The plan suggested was to use the money to erect a club building. There was a division in sentiment among the members as to the wisest course to pursue. During the course of the discussion, Max Friedman, in answer to a question from the president of the club, stated that Nathan. Kessler, a member of the assessment committee, had said that if the assessments did not go over they were going to dissolve the building fund. Kessler sprang to his feet and said: "He is a damned liar, who knows that the statement he made is not true. He is a God damned liar and he knows it." Being called upon by the president to apologize, Kessler said he would apologize to the club, but would not apologize to Max Friedman.

On April 25, 1927, the plaintiff docketed his motion against the defendant for damages in the sum of $2,500.00. Defendant filed pleas of truth, privilege, apology, a special plea in writing marked "X", and the general issue.

The case was heard upon the pleadings, the law and the evidence, and resulted in a verdict for the plaintiff in the sum first above stated.

The defendant makes and relies upon only four assignments of error:

"1. The court committed error in granting plaintiff's instructions numbered 3, 4, 5, 6 and 7, and in granting its own instruction 'A'.

"2. The court also committed error in refusing to give defendant's instructions numbered 'B, C, J, K and L.'

"3. The court committed error in overruling defendant's several motions to set aside the verdict of the jury and to grant defendant a new trial on the following grounds; (1) that the verdict was contrary

to the law and the evidence; (2) misdirection of the jury by the court; (3) refusal of the court to give certain instructions asked for by the defendant; (4) for the refusal of the court to permit certain evidence to be introduced in behalf of the defendant; (5) that the verdict was excessive; (6) in refusing to enter judgment for the defendant and in entering judgment for the plaintiff.

· "4. The court committed error in refusing to enter final judgment on the defendant's plea in bar, designated 'X', without the intervention of a jury."

██ The first three assignments of error relate to the court's rulings in admitting and excluding evidence, in granting and refusing instructions and in refusing to set aside the verdict of the jury and grant the defendant a new trial. The motion to set aside the verdict of the jury involves a consideration of the evidence and instructions.

The record fails to disclose, with reasonable certainty, the grounds of objection to the rulings of the court on either of these matters. It not only fails to state the objections with reasonable certainty, but does not state them at all. It simply says the defendant "excepted" to the rulings of the court. This is not a sufficient compliance with Rule 22 of this court. "The supreme court will not assume the burden of undertaking to ascertain the grounds of such objections." *Rauch & Co.* v. *Graham Mfg. Corp.*, 145 Va. 681, 134 S. E. 692.

Rule 22 provides as follows:

"*Procedure in Trial Courts—Objections—Effect on Appeal.*—In civil and criminal cases, all objections to writs of every kind, pleadings, instructions, notices, the admissibility of evidence, or other matters requiring a

ruling or judgment of the trial court, shall state with reasonable certainty the ground of such objection, and, unless it appears from the record to have been so stated, such objection will not be considered by this court except for good cause shown, or to enable this court to attain the ends of justice.''

It is not a compliance with the rule for the petitioner, after the rulings are made and record completed, to file a petition setting forth the reasons for his objections to such rulings. The trial court must have a fair opportunity to pass upon the grounds of the objections.

In *Kercher's Admr.* v. *Richmond F. & P. R. Co.,* 150 Va. 115, 142 S. E. 395, this court said: "This rule was adopted, not to obstruct petitioners in their efforts to secure writs of error, or appeals, but to make more certain the attainment of the ends of justice. It was intended to put the record in such shape that the case may be heard in this court upon the same record upon which it was heard in the trial court; and to that end to prevent attorneys from dealing unfairly with the trial courts by making objections to writs or other matters requiring a ruling or judgment of the trial court, without stating the ground of their objection, and, in some instances, when asked to give their reasons, politely informing the court that they prefer to give their reasons in the appellate court."

In *Kelly* v. *Schneller,* 148 Va. 579, 139 S. E. 277, we find this: "Whether or not these instructions are amenable to the objections urged in the oral argument, we are, under Rule 22 of this court, precluded from passing upon. The object of this salutory rule is not to penalize a litigant who fails to preserve, by bill of exception, or certificate, the adverse ruling of the court when the objection thereto is plainly made to appear

from the record in some other form, but its object is to compel litigants to present to this court the same objections urged upon the trial court. *Levine* v. *Levine*, 144 Va. 330, 132 S. E. 320; *Keeney* v. *Commonwealth*, 147 Va. 678, 137 S. E. 478.

"No objections are set forth in the certificate of the trial judge. Nowhere does it appear in the record that the attention of the trial court was called to the alleged errors in the instructions. All that is said on the subject of objections to the instructions is found in the following certificate: 'The foregoing instructions, numbers 1 to 12, inclusive, were granted at the request of the plaintiff, and the defendant, M. D. Kelly, excepted.' This is in no sense a compliance with the provisions of Rule 22."

That is all we have upon the question of objections or exceptions to rulings of the court upon instructions, admissions or exclusions of evidence, and refusal of a motion for a new trial, in the instant case.

Upon the facts disclosed by the record, we decline to pass upon these exceptions.

In *Keeney* v. *Commonwealth*, 147 Va. 690, 137 S. E. 482, the court said: "Rule 22 was adopted for the very purpose of preventing the setting of traps for trial courts.

"Assigning reasons for excluding the record of prior conviction of the accused at that stage of the case when the record was offered in evidence was, in effect, but springing the trap previously set by failure to assign any reason at all for the demurrer. The high character of counsel precludes the idea that an intentional trap was set for the court in this case, but the effect was the same as if the court had been led into error, if error there was, and the error pointed out when it was too late to correct it."

■ The remaining assignment of error involves the ruling of the court in refusing to enter final judgment upon the defendant's plea in bar, marked "X".

The contract between the Lord Reading Club and its members reads as follows: "* * * In case I should feel aggrieved by any action taken by the organization, its board of governors, or any of its committees, either with respect to myself or any of its members, that I will first file my complaint with the organization or with its board of governors before resorting to the courts for relief."

It will be observed that this contract has no application where, as in the instant case, any member is aggrieved by any action taken by any other member. It follows that the plaintiff was not required, as contended by the defendant, to file a complaint with the organization before resorting to the courts for relief.

*Affirmed.*