# Richmond

## Arnold Paul Lassiter v. C. Lycurgus Jones.

December 1, 1958.

Record No. 4857.

Present, All the Justices.

The opinion states the case.

*Jerrold G. Weinberg* (*Louis B. Fine*, on brief), for the plaintiff in error.

*Leigh D. Williams*, for the defendant in error.

Spratley, J., delivered the opinion of the court.

■ This motion was brought by Arnold Paul Lassiter against C. Lycurgus Jones to recover damages for injuries received in a fall from a scaffold or platform upon which the plaintiff was standing in the course of his employment by the defendant. Defendant filed grounds of defense averring that the plaintiff was an independent contractor, denying that the scaffold was owned and operated by defendant, and alleging that any servants working on the job were employed by the plaintiff.

The following evidence was presented by the plaintiff, a forty-one year-old brickmason:

Lassiter testified that Jones employed him to repair the brick work on a house owned by the defendant, at a wage of $2.75 per hour. The work consisted of removing bricks from and rebuilding the wall. A day or so after he began his work, Jones told Lassiter to get someone to help him on the job. Lassiter obtained George Staton, and Jones and Staton agreed upon the wages which Jones would pay Staton. Staton was to mix the mortar for the brick work, wait on Lassiter, get the materials needed by the bricklayer, handle the lumber when scaffolds were built, and keep the premises clear.

On November 21, 1956, the day of the accident, staging had to be built in order to permit Lassiter to reach the upper section of the wall. Lassister told Jones that he did not have sufficient new lumber to complete the scaffold. Jones said that he did not want to buy any more, and told Staton to see if he could find "a piece of board" to use in erecting the scaffold. At the direction of Jones, Staton then got a one by eight inch board from a pile of lumber in the side yard of the place where the work was being done. He then fastened one end of that board to a doorjamb of the house, extended horizontally, and fastened the other end to an upright two by four board, used as a leg for the scaffold. Two pieces of two by four boards were placed over the one by eight and over the two by fours a door was placed. The door served as a floor for anyone working on the scaffold, and hid the one by eight from the view of anyone on the platform.

Lassiter was on the floor of the scaffold, waiting for Staton to bring him some mortar, and walked over to the side of the platform, under which the one by eight was located. The one by eight broke and both the door of the staging and the plaintiff were thrown to the ground. The plaintiff was seriously injured. The one by eight

board had become soaked from lying on wet ground a long time, and it had rotted and decayed.

Jones purchased all the materials used on the job, bricks, mortar, sand and lumber; and, according to the evidence, told plaintiff and Staton which materials to use. He also paid the wages of Staton, handing them to Lassiter, who in turn, passed them to Staton. Lassiter said that Jones supervised the entire job, was present a majority of the time, instructing him and Staton what to do and told them "how he wanted the job done—how to do it;" and that Jones had the right to discharge either of them at any time he desired.

At the conclusion of the above evidence on behalf of the plaintiff, Jones moved to strike it on the grounds that plaintiff was an independent contractor, that defendant was guilty of no negligence, and that plaintiff was guilty of contributory negligence. The motion was sustained by the court, and the jury accordingly returned its verdict for the defendant. Judgment was entered thereon, and we granted this writ of error.

Upon appeal, plaintiff contends that the court erred in failing to submit the three following questions to the jury:

(1) Whether a master-servant relationship existed between the plaintiff and the defendant; (2) Whether defendant was guilty of negligence; and (3) Whether plaintiff was guilty of contributory negligence.

In his brief and oral argument in this Court, counsel for the defendant abandoned the defense that plaintiff was an independent contractor. He contended that Lassiter and Staton were fellow-servants in the construction of the scaffold, and that the defendant was not liable for any negligence of the plaintiff's fellow-servant; and that there was no negligence on the part of Staton; but that, on the other hand, the injuries suffered by Lassiter were in consequence of his own negligence.

Upon the facts recited, we have no difficulty in holding that Lassiter and Staton were co-employees and fellow-servants as a matter of law. Jones engaged both Lassiter and Staton for the work, paid their wages, had the power of control over them, and the right to discharge them. These elements established the legal relationship of master and servant. *A. C. L. R. Co.* v. *Tredway's Adm'x.*, 120 Va. 735, 745, 93 S. E. 560: 12 M. J., Master and Servant, § 3, page 458, and numerous cases cited; 56 C. J. S., Master and Servant, § 2,

pages 29 *et seq.; 35* Am. Jur., Master and Servant, § 3, pages 45 *et seq.*

■ It is a well settled principle of the law of master and servant that the master must use ordinary care and diligence to provide a reasonably safe place in which his servant is to work; that this obligation is a non-assignable duty, breach of which, though delegated to another, will render the master liable. *Nolde Bros.* v. *Chalkley*, 184 Va. 553, 563, 35 S. E. 2d 827; *Trotter* v. *E. I. Dupont Co.*, 124 Va. 680, 98 S. E. 621.

In the *Trotter* case, *supra*, Judge Burks, speaking for the Court, said this:

"It is one of the non-assignable duties of the master to use due care to furnish the servant a reasonably safe place in which to work, and reasonably safe tools and utensils with which to work, and if he fails to do so he is liable to the servant for injuries proximately resulting to such servant from such failure." 124 Va. at pages 685 and 686.

In *Higgins* v. *Whitmore*, 116 Va. 414, 415, 416, 82 S. E. 180, where we affirmed a judgment in favor of the employee, who was injured by a fall from a scaffold due to decayed lumber, we approved an instruction which contained the following language:

"The court instructs the jury that it is a fundamental principle of law that the defendant owes to the plaintiff the duty to use ordinary care and diligence to provide a reasonably sound and safe place to work; and was equally bound to inspect and examine such place or material from time to time, and to use ordinary care and skill to discover and repair defects therein and not to use defective material for the construction of places upon which the plaintiff at the orders and instance of the said defendant should have to work. * * *."

To the same effect see 12 M. J., Master and Servant, § 20, pages 486 *et seq.; 56* C. J. S., Master and Servant, § 333, (b) e, page 1119; 35 Am. Jur., Master and Servant, § 358, pages 783 *et seq.*

There was evidence that Lassiter was injured because the scaffold was built, at the direction of Jones, with defective and unsound timber furnished by Jones. Whether or not Jones, under all of the facts relating to the construction and collapse of the scaffold, was guilty of negligence, and whether the plaintiff was guilty of conduct constituting contributory negligence were questions of fact

to be determined by the jury. It follows that the trial court erred in granting defendant's motion to strike the evidence.

The judgment complained of is reversed, the verdict of the jury set aside, and the case remanded for a new trial.

*Reversed and remanded.*