IN THE

# SUPREME COURT OF APPEALS

OF

# VIRGINIA.

## Richmond.

CITY OF RICHMOND v. LEAKER.

DECEMBER 13, 1900.

|  |  |
|---|---|
| 99 | 1 |
| 100 | 311 |
| 99 | 1 |
| 103 | 654 |
| 99 | 1 |
| 104 | 282 |
| 99 | 1 |
| 109 | 79 |
| 109 | 311 |

1. BILL OF PARTICULARS—*Code, Sec. 3249—Actions other than Assumpsit.*— The object of section 3249 of the Code, so far as it affects the plaintiff's declaration, was to provide that, in actions other than *assumpsit,* the plaintiff should be required to give the defendant full notice of the subject or character of his claim, and if the declaration failed to do this, the plaintiff should, if so required, file such a statement of particulars as would put the defendant in possession of the character thereof.

2. MUNICIPAL CORPORATIONS—*Building Materials—Obstructing Street— Pedestrian's Negligence.*—A municipal corporation may permit persons erecting buildings on its streets to use a portion of the streets and sidewalks for the deposit of building materials and appliances, and, where such obstructions are open and obvious, travellers and pedestrians passing along such streets, at the point thus obstructed, are required to use greater care to avoid accident than would otherwise be necessary.

3. CONTRIBUTORY NEGLIGENCE—*Burden of Proof.*—The burden is on the defendant to prove the contributory negligence of the plaintiff,

where that defence is relied on, unless such contributory negligence is disclosed by the plaintiff's evidence, or can be fairly inferred from the circumstances.

Error to a judgment of the Law and Equity Court of the city of Richmond, rendered July 3, 1899, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

This was an action of trespass on the case, brought to recover damages for a personal injury sustained by the defendant in error, while walking along the streets of the city of Richmond. There was a verdict and judgment in favor of the plaintiff, in the court below, for the sum of $1,000.

The accident occurred on the night of January 6, 1899. The plaintiff described the night as "a rainy night, very dark." The plaintiff received the injury complained of by stumbling over a piece of plank used as a gangway for hod-carriers on a building then in course of construction. The plank was two and a half or three inches thick, and was lying across the gutter, and extended upon the pavement about two, or two and a half feet. The streets were lighted by electricity, one light being on the opposite corner, diagonally across the street from the place of the accident. The plaintiff described the manner in which the injury was inflicted, in part, as follows:

" I started from my place of business somewhere about nine o'clock that night, and, meeting up with a friend, it threw me off my track, that is my usual path, which is going up Marshall street, to Fifth, up Fifth to Leigh, and coming out at Nelson's drugstore, cutting across the corner to my house, No. 738 North Fourth street, on the west side. That was my regular route. I didn't follow my regular route the night of the accident. As I said, I met a friend near Mr. Bull's corner, and walked up

Marshall street with him to Fourth; then turned down Fourth street at the southwest corner of Marshall. At Fourth and Leigh, I found that the culvert was stopped up, and I couldn't cross there, because water was not only over the Fourth-street crossing, but also ran up Leigh street some distance. The notion struck me to go up towards Third street, and find a place to cross over. I had walked about twenty-five or thirty feet, when something tripped me up unexpectedly, and threw me right into the gutter, between the mortar bed and curbing. I must have been unconscious; when I came to, I found myself lying in the gutter. I tried to get up and step back on the pavement, and, in doing so, my leg gave way, and I fell over into the mortar bed. I found that my arm was broken. I then got up on the mortar bed, and hollered for help. But nobody came. I managed to get across the street, the best I could, and got home. I couldn't open the gate, as I had my arm gathered up with my other hand; but a colored boy came along at that time, and I asked him to open the gate and ring the bell for me, and he did so. I then sent for Dr. McCarthy, and he attended me."

Instructions A and B, referred to in the opinion as offered by the plaintiff in error and refused, were as follows:

## *"Instruction 'A.'*

" The court instructs the jury that the city of Richmond has a right to grant to builders or other persons erecting buildings within the city permission to use a portion of the streets and sidewalks for the deposit of building materials and building appliances therein, and to allow temporary obstruction of portions of said streets and pavements with such material and appliances; that any inconvenience that may result to travellers or pedestrians along the street where the same are so deposited must be borne in view of the other public benefit resulting from

the freedom of construction; and where such materials and appliances are deposited in a street, and are open and obvious, travellers or pedestrians going along such street are under obligations to observe their presence therein, and to give to their passage along that part of the street greater care and observation than would be otherwise necessary; and if the jury believe from the evidence that the obstruction in the street, complained of in the declaration, was open and obvious, then it became the duty of the plaintiff to look out for and guard against any obstruction, or the occurrence of any accident to him, at that particular point where such obstructions existed, and if they believe from the evidence that the plaintiff did not look and observe, as he should have done, as hereinbefore stated, they, the jury, should find for the defendant.

### *"Instruction 'B.'*

" The court instructs the jury that a municipal corporation is not an insurer against accidents upon its streets and sidewalks, nor is every defect or obstruction therein, though it may cause injury, actionable. It is sufficient if the streets are in a reasonably safe condition for travel in the ordinary modes by night as well as by day, and a municipal corporation has a right to authorize or permit any person engaged or about to engage in building to deposit materials in that part of the street or public alley opposite and next to the premises on so much of the street as does not exceed one-half of the width thereof; and if the jury believe from the evidence that F. Sitterding, at the time of the alleged injury to the plaintiff, was engaged in erecting a building or buildings on his lot opposite to and next to the point at which the obstructions in the declaration mentioned were placed, and if they further believe that the plank or walkway in the declaration mentioned was used, or intended to be used, in the erection of such building or buildings, then,

though it was the duty of the said F. Sitterding or his agent so to locate or place said plank or walkway as not necessarily to obstruct said street, yet the defendant, the city of Richmond, is not liable for the placing of said plank or walkway in said street, unless they believe that the same was not only allowed to remain across said pavement an unnecessary length of time, but also believe that the city authorities had actual notice of the dangerous position in which said plank was left, or unless they believe that it had remained in such dangerous position for a sufficient length of time, so that in the exercise of ordinary care the city ought to have had notice of such dangerous position."

Instructions 2 L and 3 L, given for the defendant in error, were as follows:

## "*No. 2 L.*

" The court further instructs the jury that a person using the streets of the city of Richmond is held to the exercise of only ordinary care, and is not required to anticipate danger or to be on the lookout for its existence, and such persons have the right to assume that the streets of the defendant are in a reasonably safe and proper condition for travel by night as well as by day, and that the city has exercised reasonable care to keep them in such condition, but if the surrounding circumstances were such as to arouse the fear of the plaintiff, or to give him warning that the place was not ordinarily safe, then he is required to exercise such care as persons of ordinary care ordinarily exercise under the same circumstances.

## "*No. 3 L.*

" The court instructs the jury that the burden of proving the

defendant was guilty of negligence rests upon the plaintiff, and that if the defendant seeks to relieve itself of liability by reason of the plaintiff having been guilty of contributory negligence, the burden of proving such contributory negligence rests upon the defendant."

*Henry R. Pollard,* for the plaintiff in error.

*Pollock & Puller* and *C. V. Meredith,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff, in consequence of the negligence of the defendant in unlawfully permitting the sidewalk of one of its streets to be obstructed.

The first error assigned is the action of the court in accepting as sufficient the statement filed by the plaintiff, in response to the demand of the defendant, as a bill of particulars of his claim; the contention being that the statement filed is but a reiteration of the allegations of the declaration, and not such an itemized account of the claim as is contemplated by section 3249 of the Code. That section provides that "in any action or motion, the court may order a statement to be filed of the particulars of the claim, or of the ground of defence; and if a party fail to comply with such order, may, when the case is tried or heard, exclude evidence of any matter not described in the notice, declaration or other pleading of such party, so plainly as to give the adverse party notice of its character."

This section, in the same words, is found in the Code of 1849, and it appears from the report of the revisors (1849) that it was taken from the Massachusetts rules adopted for the purpose

of simplifying and shortening pleading.   See sections 48-49, 24 Pickering, page 399.

Section 3248 of the Code, like the Massachusetts rule (48), provides that, in action of *assumpsit*, the plaintiff shall file with his declaration an account stating distinctly the several items of his claim, unless it be plainly described in the declaration.

There would have been no necessity for this section if the contention were well founded, that an itemized statement was required in every case by section 3249.   We think it clear that the object of section 3249 was to provide that in actions, other than *assumpsit*, the plaintiff should be required to give the defendant full notice of the subject or character of his claim; that, if the declaration or other pleading did not present distinctly the grounds or subject of the action, the plaintiff should, if required to do so, file such a statement of particulars as would put the defendant in possession of the character thereof.   In Minor's Insts., referring to section 3249, the learned author says: " It is provided that in any action the court may require the particulars of the claim, or the ground of defence to be filed, which might in practice be often judiciously employed to define the subject of the controversy."   4 Minor (Pt. 1), page 763.

In the case at bar, after setting forth in detail the character of the accident, and the circumstances which led to it, the declaration then alleges that the plaintiff thereby had his right arm broken between the elbow and shoulder, and became sick, sore, lame, diseased, and disordered, and so remained from thence hitherto, during all of which time he thereby suffered and endured great pain, and was prevented from attending to and transacting his necessary and lawful business, and was forced to give up and discontinue his fish, oyster and game business, which he had been conducting for a number of years, and is also disabled from pursuing any calling or business requiring the use of his right arm; and that he had been obliged to pay, lay out,

and expend $500 in endeavoring to get healed and cured of his wounds, sickness, etc.

We are of opinion that the declaration in this case gave the defendant complete notice of the nature and character of the plaintiff's claim, and that no further bill of particulars was contemplated or required by section 3249.

The second error assigned is the refusal of the court to give Instructions A and B, asked for by the defendant.

These instructions were intended to inform the jury (1), that the defendant had the right to permit persons, erecting buildings, to use a portion of the streets and sidewalks for the deposit of building materials and building appliances therein; and (2), that, where such materials and appliances are deposited in a street, and are open and obvious, travellers and pedestrians passing along such street, at the point thus obstructed, must observe greater care, to avoid accident, than would otherwise be necessary. Without holding that the instructions were drawn with entire accuracy, it is sufficient to say that these were sound propositions of law, were applicable to the case, and that the jury should have been so informed. It is contended that Instruction No. 2 L, given for the plaintiff, covers the latter part of the two propositions mentioned. That instruction is itself erroneous in this, that it limits the greater care to be exercised, under the extraordinary circumstances, to the judgment of the plaintiff, as to the necessity for greater care, by providing that " if the surrounding circumstances were such as to arouse the fear of the plaintiff," whereas the law imposed upon the plaintiff, when he saw the obstruction, the duty of exercising greater care, whether those circumstances were sufficient to arouse his fear or not.

Instruction No. 3 L, given for the plaintiff, is in these words: " The court instructs the jury that the burden of proving the defendant guilty of negligence rests upon the plaintiff, and that if the defendant seeks to relieve itself of liability by reason of

the plaintiff having been guilty of contributory negligence, the burden of proving such contributory negligence rests upon the defendant." This instruction should have concluded as follows: " Unless such contributory negligence was disclosed by the plaintiff's evidence, or could be fairly inferred from the circumstances." *Kimball & Fink* v. *Friend*, 95 Va. 125; *Southern R. Co.* v. *Bruce*, 97 Va. 92.

As the judgment must be reversed for error in the instructions, it is unnecessary to consider other assignments, which relate to questions that need not arise on another trial.

For these reasons the judgment must be reversed, the verdict of the jury set aside, and a new trial awarded.

*Reversed.*