# Richmond.

## NORFOLK & WESTERN RAILWAY COMPANY v. GEE.

### January 18, 1906.

1. TORTS—*Concurrence of Wrong and Damage—Injury.*—Injury alone
   is not sufficient to support an action for damages arising from the
   alleged negligence of the defendant. There must be a concurrence
   of wrong and injury. If a person does an act which is not unlaw-
   ful in itself he cannot be made liable in damages for the resulting
   injury unless he does the act at a time or in a manner, or under
   circumstances which will render him chargeable with a want of
   proper regard for the rights of others.

2. NEGLIGENCE—*Frightening Horses—How Charged in Declaration—Na-
   ture of Object—Railroads.*—In an action against a railroad com-
   pany for negligently frightening plaintiff's horse at a public cross-
   ing, it is not sufficient to charge that the defendant negligently
   placed a hand-car with long projecting arms at or so near the
   crossing as to render it unsafe for the travelling public in
   vehicles drawn by horses to cross on the highway, and that, in
   consequence thereof, the plaintiff's horse took fright and caused the
   injury declared on in the declaration. Nor is a count good which
   makes similar charges and adds that defendant's servants, negli-
   gently hung wearing apparel and bright tin buckets on the arms of
   the hand-car, and that these objects caused the plaintiff's horse to
   take fright. In each instance it was neccessary to aver that the
   hand-car was, under the circumstances stated, an object of such
   unusual or extraordinary appearance as to have a natural tendency
   to frighten horses of ordinary gentleness and training, although
   that was a question to be determined by the jury from all the cir-
   cumstances of the case, under proper instructions from the court.

3. RAILROADS—*Public Crossing—Failure to Keep in Order—Resulting
   Damage—How Charged in Pleadings.*—A count in a declaration
   against a railway company which charges that the defendant
   failed to keep its right of way, at a public crossing where the al-

leged injury is charged to have been inflicted, "sufficiently smooth and level to admit of safe and speedy travel over such crossing" as required by the statute, but on the contrary, through its negligence, the public road at the crossing, and within defendant's right of way, was rough, gullied and obstructed, and that, the plaintiff's horse becoming frightened, she was unable to control it as she could otherwise have done, and that the buggy in which she was riding was drawn by her horse with great violence against the crossing sign post of the defendant, the buggy broken, the plaintiff thrown out, and the injuries complained of inflicted, is bad on demurrer, because it fails to show the nature of the gullies and obstructions which it avers were in the highway, or how they prevented the plaintiff from controlling her horse, or such state of facts as show that the condition of the highway was the proximate cause of her injuries.

Error to a judgment of the Circuit Court of Nottoway county, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Wm. Hodges Mann,* for the plaintiff in error.

*G. S. Wing,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The first assignment of error is to the action of the court in not sustaining the defendant railway company's demurrer to each of the five counts of the plaintiff's declaration. The court sustained the demurrer to the first and fourth counts, but overruled it as to the others.

This action was instituted by the plaintiff to recover damages for injuries, caused by the alleged negligence of the railway company, received at a public crossing near Burkeville. The second count of the declaration avers that on the day of the injury the plaintiff was driving in a one-horse buggy along

the public road where it crosses the track of the railway com-
pany, as she had the right to do; but "the defendant company
had so carelessly and negligently performed the duties it owed
to the traveler on the said highway at the crossing, that the
said defendant company, or its servants and agents, had so
heedlessly, carelessly and negligently placed a car with long
arms projecting above the same, commonly known as a hand-
car, at or so near said crossing as to render the said crossing un-
safe for the traveling public along the said highway at said
crossing when in vehicles to which horses were attached; of
all of which the defendant company had notice." It further
avers, that by reason of said negligence her horse took fright
at the hand-car, and in shying to avoid the same, without fault
on her part, the buggy was broken to pieces, and the plaintiff
was thrown out with great violence, and the injuries com-
plained of (which are set forth) inflicted.

The objection made to the declaration is that the averments
of fact in the count do not show that the hand-car was an object
so unusual or extraordinary as to have a natural tendency to
frighten horses of ordinary gentleness and training.

Injury alone will not support an action of this kind; there
must be a concurrence of wrong and injury. If a person does
an act which is not unlawful in itself, he cannot be made liable
in damages for resulting injury, unless he does the act at a
time, or in a manner, or under circumstances, which will ren-
der him chargeable with a want of proper regard for the rights
of others.

Mr. Elliot, in his work on Roads and Streets, sec. 616,
(2nd Ed.) says, in discussing the liability of a municipality
for injuries resulting to travelers from horses becoming freight-
ened at objects on or near the highway, says, that "where a horse
of ordinary gentleness becomes freightened at objects naturally
calculated to frighten horses, which the corporation has negli-
gently placed, or permitted to be placed, and remain, in the

highway, and injury results without contributory negligence, the corporation will be liable therefor. This liability extends to objects on the margin of the highway and within its limits, although they may not be within the traveled path."

Judge Thompson, in his commentaries on the Law of Negligence, vol. 1, sec. 1257, says: "A person who negligently or unlawfully places or leaves on the highway an object which from its appearance is likely to frighten a horse of ordinary training and docility, is liable to a traveler for any damage which is the proximate result of the horse taking fright at such object." See also sections 1258 and 1259, 1 Shear. & Red. on Neg., 355.

In *Piollet* v. *Simmers,* 106 Pa. St., 51 Am. Rep. 496, where numerous cases are cited and the question quite fully discussed, the horse of a traveler took fright at a small barrel mounted on wheels, which the owners of the property through which the highway ran were using in whitewashing their fences, and which they moved from time to time as the work progressed. They left it standing covered over with a white cloth, and having a shovel projecting a short distance above the top, all day Sunday on one side of the beaten highway track. In an action for damages thus caused, it was held, that unless there was something of an unusual or extraordinary character in the structure and appearance of the apparatus, which would naturally tend to frighten horses of ordinary gentleness and training, it was not negligence to use it; and its reasonable use for no longer a time than was naturally required on the highway in whitewashing the fence of defendants would not subject them to liability, although some horses might and did take fright at seeing it.

If the rule stated in the authorities cited be correct as to objects on the highway, and we think it is, certainly no higher degree of care, if as high, should be required of a person placing or leaving near the highway, on his own premises, appliances in use thereon. The count under consideration does not show

clearly whether the hand-car was on the highway or on the defendant company's own premises outside of the highway. Neither does it show that the hand-car was an object so unusual or extraordinary as to have a natural tendency to frighten horses of ordinary gentleness and training. While the question of whether or not the object is of that character is largely for the determination of the jury, from its nature, situation and other like circumstances, under proper instructions of the court, (Elliot on Roads, sec. 616; *Piollet* v. *Simmers, supra,*) a count is demurrable which fails to show that the object which it is averred frightened the horse was by its nature calculated to frighten horses of ordinary gentleness. *North Alabama Ry. Co.* v. *Sides* (Ala.), 26 South. 116; *Keeley Brewing Co.* v. *Parnin* (Ind. App.), 41 N. E. 471, 472.

The third count is substantially the same as the second, except that it makes the additional averment that the servants and agents of the defendant negligently hung wearing apparel and bright tin buckets on the arms of the hand-car, and that these objects caused the horse to take fright.

If that count had averred, in addition, that the hand-car with these objects upon it, was so unusual or extraordinary in appearance as to have a natural tendency to frighten horses of ordinary gentleness and training, it would, we think, have stated a good cause of action.

The negligence relied on in the fifth count is based on the failure of the defendant to keep its right of way at the crossing "sufficiently smooth and level to admit of safe and speedy travel over such crossing," as required by sec. 1096, Code of 1887, (cl. 39, sec. 1294d, Va. Code, 1904). The count avers that the public road on which the plaintiff was traveling was located prior to the building of the railway, and that it was the duty of the defendant company to keep the said crossing, to the full width of its right of way, sufficiently smooth and level to admit of safe and speedy travel; that on the day of the accident the defendant had not exercised ordinary care and prudence in complying with this duty, but on the contrary, through

its negligence, the public road at the crossing, and within the defendant's right of way, was rough, gullied and obstructed; that the plaintiff in attempting to cross the defendant's track, on the day of the accident, as she had the right to do, her horse became alarmed at or near the crossing, and by reason of the negligence of the defendant in not exercising ordinary care to keep its right of way at that point sufficiently smooth to admit of safe and speedy travel, she was unable to control her horse as she could otherwise have done; that the buggy in which she was riding was drawn by her horse with great violence against the crossing sign-post of the defendant, the buggy broken to pieces, plaintiff thrown out of the buggy, and the injuries complained of inflicted.

Under the averments of this count, it was the duty of the defendant to keep its right of way at the crossing in the condition required by the statute, and if its failure to do so was the proximate cause of the plaintiff's injuries, then the defendant would be liable in damages therefor.     But the count fails to show the nature of the gullies and obstructions which it avers were in the highway, or how they prevented the plaintiff from controlling her horse, or such a state of facts as show that the condition of the highway was the proximate cause of the plaintiff's injuries.

We are of opinion, therefore, that the Circuit Court erred in not sustaining the defendant's demurrer to the second, third, and fifth counts of the declaration, and that for this error its judgment must be reversed and the cause remanded, with leave to the plaintiff to amend her declaration, and for further proceedings not in conflict with the views expressed in this opinion.

Errors are assigned to the action of the court in giving and refusing certain instructions.     As precisely the same questions involved in these instructions are not likely to arise upon the next trial, upon new and different pleadings, it is unnecessary to consider those assignments of error further than to say,

that in so far as the action of the Circuit Court in giving and refusing instructions on the former trial are in conflict with the views expressed in this opinion in disposing of the demurrer to the declaration, it was erroneous.

*Reversed.*