# Staunton.

## .M. D. KELLY v. MARTHA SCHNELLER.

September 22, 1927.

1. NEGLIGENCE—*Declaration—Sufficiency of Allegation of Negligence where Plaintiff was Struck by Automobile—Demurrer to the Declaration—Case at Bar.*—The instant case was an action against joint defendants for injuries where plaintiff was struck by an automobile of one of the defendants. The declaration alleged minutely the time, place and circumstances under which the plaintiff received the injuries complained of; that the defendants failed to give sufficient warning of their approach to the plaintiff or to each other; that, at the time and place mentioned, the defendants were guilty in failing to keep their automobiles on the right-hand side of the road, thereby failing to allow sufficient room for the passage of the machines, and that, by reason of these respective acts of negligence, one defendant caused the other to run his automobile against and over the plaintiff, causing her serious injury.

   *Held:* That the court did not err in overruling a demurrer to the declaration on the ground that the declaration was bad in not alleging with sufficient certainty and particularity any acts of negligence on the part of one of the defendants, as to require more would be to compel the plaintiff to set forth in the declaration matters of evidence.

2. BILL OF PARTICULARS—*Sufficiency—Section 6091 of the Code of 1919.*—A plaintiff is not required, in a bill of particulars, to enter into matters of evidence. A bill of particulars meets the requirements of section 6091 of the Code of 1919 when it apprises the defendant of the precise nature and extent of the demand asserted against him.

3. BILL OF PARTICULARS—*When Refusal to Grant Reversible Error.*—To constitute reversible error in refusing to require plaintiff to furnish a bill of particulars, the discretion vested in the trial court under section 6091, Code of 1919, must be abused.

4. BILL OF PARTICULARS—*When Required—Discretion of Court.*—There is no inflexible rule as to the classes of cases in which a statement of the particulars of the plaintiff's claim, or of the defendant's ground of defense, will be required, but it rests in the sound judicial discretion of the court.

5. APPEAL AND ERROR—*Bill of Particulars—Refusal to Grant Bill of Particulars—When Judgment will be Reversed.*—While the question of whether or not a bill of particulars shall be required to be filed is within the discretion of the trial court, to be soundly exercised under all the circumstances of the particular case, its action in granting or refusing such request will be supervised by the appellate court; but such action will not be reversed unless it is plainly erroneous.

6. BILL OF PARTICULARS—*Action for Negligent Injuries—When Refusal to Grant Bill of Particulars no Error—Case at Bar.*—The instant case was an action by plaintiff for injuries received in an automobile accident. Defendant introduced evidence in an effort to meet the alleged acts of negligence charged against him in the declaration. His defense was fairly submitted to the jury for determination.

   *Held:* That the trial court did not err in refusing to require plaintiff to file a bill of particulars.

7. APPEAL AND ERROR—*Exceptions and Objections—Statement of Grounds of Objection—Rule XXII of the Supreme Court of Appeals—Purpose of Rule.*—The object of Rule XXII of the Supreme Court of Appeals is not to penalize a litigant who fails to preserve, by bill of exception or certificate, the adverse ruling of the court when the objection thereto is plainly made to appear from the record in some other form, but its object is to compel litigants to present the Supreme Court of Appeals the same objections urged upon the trial court.

8. APPEAL AND ERROR—*Rule XXII of the Supreme Court of Appeals—Grounds of Objection—Error in Instructions—Case at Bar.*—In the instant case the action of the trial court in giving certain instructions for plaintiff was assigned as error. No objections to the instructions were set forth in the certificate of the trial judge. Nowhere did it appear in the record that the attention of the trial court was called to the alleged errors in the instructions. All that was said on the subject of objections to the instructions was that the instructions were granted at the request of the plaintiff, and one of the defendants "excepted."

   *Held:* That under Rule XXII of the Supreme Court of Appeals that court was precluded from passing upon the objections to the instructions urged in the oral argument.

9. TORTS—*Joint-tort Feasors—Verdict Should be Joint Against All.*—Whatever the decisions elsewhere, the true rule in this jurisdiction is, that, with one exception (where no harm is done a defendant), in an action against several for a single wrong, the verdict should be a joint one against all found guilty; for otherwise the jury depart from their own finding, which is that the defendants are equally guilty, and from the rule of law which makes joint trespassers liable for the amount which the most culpable ought to pay.

10. TORTS—*Joint-tort Feasors—Verdict Should be Joint Against All—Appeal*

*and Error—Harmless Error.*—In the instant case, an action against joint-tort feasors, the jury found a verdict for plaintiff against the "defendants, M. D. Kelly and Newton Alvis, and assess her damages against the defendant, M. D. Kelly, at $2,000.00 and against the defendant, Newton Alvis, at $3,000.00." Defendant, Kelly, moved the court in arrest of judgment and to set aside the verdict because contrary to the law and the evidence. Thereupon plaintiff's counsel moved the court to reduce the verdict against Alvis from $3,000.00 to $2,000.00, and to render judgment for plaintiff against defendants Alvis and Kelly for the sum of $2,000.00. This the court did.

*Held:* That while it was irregular for the trial court to enter the judgment it did, defendant Kelly was not injured thereby and could not complain thereof.

11. APPEAL AND ERROR—*Harmless Error—Party Not Injured.*—The rule of reason and of law is, that a party can only complain of a judgment which has, or may have, operated injury to him.

12. AUTOMOBILES—*Negligence—Appeal and Error—Conclusiveness of Verdict where Evidence is Conflicting—Case at Bar.*—In the instant case, an action against joint-tort feasors for negligent injuries incurred in an automobile accident, on the main question, as to whose negligence caused the injuries to the plaintiff, the verbal evidence was in conflict. While conceding this conflict, it was urged that the conflict in the testimony of the witnesses was controlled by certain physical facts, namely, the tracks of the automobiles made at or near the place of the accident. But the evidence of the witnesses who testified as to the location of the tracks was not clear and convincing.

*Held:* That the jury having resolved all conflicts in the evidence in favor of the plaintiff, the Supreme Court of Appeals was concluded by the verdict of the jury, unless it was without evidence to support it.

13. APPEAL AND ERROR—*Automobile Accident—Evidence Sufficient to Sustain Verdict.*—In the instant case, viewing the case from the standpoint of a demurrer to the evidence, the Supreme Court of Appeals was of the opinion that the evidence was ample to sustain the verdict of the jury in favor of plaintiff, and that the action of the trial court in entering judgment thereon was without error.

Error to a judgment of the Circuit Court of Lee county, in an action of trespass on the case. Judgment for plaintiff. Named defendant assigns error.

*Affirmed.*

' The opinion states the case.

*B. H. Sewell* and *Pennington & Cridlin*, for the plaintiff in error.

*O. M. Vicars* and *R. E. L. Chumbley*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

This action was brought in the Circuit Court of Lee county by Martha Schneller against M. D. Kelly and Newton Alvis, to recover damages caused, as alleged, by the joint negligence of the defendants.

The declaration has but one count, which upon demurrer thereto, the trial court held to be a good declaration. The declaration alleges, in substance, that on the 16th day of July, 1922, the defendants and each of them were the owners and operators of certain automobiles, respectively, which they were then using and operating on the public road leading from the town of Jonesville to the town of Ben Hur, in Lee county; that, on the day mentioned, plaintiff was walking on and along the right hand side of the road, going in the direction of Jonesville; that as she was traversing a sharp curve in the road, at a place where the road is not plainly visible for a distance of three hundred feet ahead, the defendant, Kelly, drove past her in his automobile going in the direction of Jonesville; that the defendant, Alvis, at the time and place last mentioned, was driving his automobile along the highway going in the direction of Ben Hur; that the defendants failed and refused, at the time and place mentioned, to operate their automobiles at a rate of speed not exceeding the rate of fifteen miles per hour;

that the defendants failed to give due and sufficient warning of their approach to the plaintiff or to each other by sounding their automobile horns or other signal devices; that, at the time and place mentioned, the defendants were guilty of negligence in failing to keep their automobiles on the right hand side of the road, thereby failing to allow sufficient room for the passage of the machines; that, by reason of these respective acts of negligence, the defendant, Kelly, caused the defendant, Alvis, to run his automobile against and over the plaintiff, causing her serious injury.

There was a trial by jury which resulted in the following verdict: "We, the jury, find for the plaintiff against the defendant M. D. Kelly and Newton Alvis and assess her damages against the defendant M. D. Kelly at $2,000.00 and against the defendant Newton Alvis at $3,000.00."

[1] It is assigned as error that the court overruled the demurrer filed by the defendant Kelly. In the petition for a writ of error it is stated: "The declaration is bad in that it does not allege with sufficient certainty and particularity any acts of negligence on the part of M. D. Kelly."

Reliance is placed upon *Hortenstein's Adm'r* v. *Virginia-Carolina Ry. Co.*, 102 Va. 914, 47 S. E. 996; *Norfolk & W. Ry. Co.* v. *Gee*, 104 Va. 806, 52 S. E. 572, 3 L. R. A. (N. S.) 111, and *Lynchburg Trac. Co.* v. *Guill*, 107 Va. 86, 57 S. E. 644, to sustain the contention that the court erred in overruling the demurrer. These cases were all decided before the revision of the Code in 1919, and are not in point.

In the note of the revisors to section 6118 of the Code of 1919, it is said, that in order to change the law as stated in the *Hortenstein* and *Gee Cases, supra,* they

added to this section the following language: "Nor shall a demurrer be sustained to a declaration alleging negligence of defendant because the particulars of the negligence are not stated, but such particulars may be demanded by the defendant under section six thousand and ninety-one."

Construing section 6118 in *Bryant* v. *Fox's Adm'r,* 135 Va. 296, 116 S. E. 459, Prentis, P., held a declaration good which alleged that the defendant's employee "did negligently and recklessly run into and collide with one John A. Fox, now deceased, who was riding a motorcycle on the overhead bridge on Washington street extended    *    *."

The declaration in the instant case sets forth minutely the time, the place and the circumstances under which the plaintiff received the injuries complained of. To require more would be to compel the plaintiff to set forth in the declaration matters of evidence. This has never been required, even under the strict rule of pleading which formerly prevailed.

[2] In this connection we will dispose of the assignment of error, that the court erred in refusing to require the plaintiff to file a bill of particulars pursuant to the provisions of section 6091 of the Code of 1919. In this section it is provided that in any action or motion the court may order a statement to be filed of the particulars of the claim. This contingency arises when the declaration fails to set forth with sufficient particularity the claim of the plaintiff. A plaintiff is not required, in a bill of particulars, to enter into matters of evidence. A bill of particulars meets the requirements of 6091 when it apprises the defendant of the precise nature and extent of the demand asserted against him. *Metropolitan Ins. Co.* v. *Hayslet,* 111 Va. 107, 68 S. E. 256.

[3] To constitute reversible error in refusing to require plaintiff to furnish a bill of particulars, the discretion vested in the trial court under this section must be abused.

[4] In *Driver* v. *Southern Ry. Co.*, 103 Va. 654, 49 S. E. 1001, Judge Buchanan said: "There is no inflexible rule as to the classes of cases in which a statement of the particulars of the plaintiff's claim, or of the defendant's ground of defense, will be required, but it rests in the sound judicial discretion of the court. This is the construction which has been placed upon the statute by the Massachusetts courts, from whose Code it was taken. *Richmond* v. *Leaker*, 99 Va. 1, 37 S. E. 348; *Blake* v. *Ewart*, 1 Allen (Mass.) 248; *Commonwealth* v. *Giles*, 1 Gray (Mass.) 466.

[5] "While the question of whether or not such statement shall be required to be filed is within the discretion of the trial court, to be soundly exercised under all the circumstances of the particuler case, its action in granting or refusing such request will be supervised by the appellate court; but such action will not be reversed unless it is plainly erroneous. *Hite's Case*, 96 Va. 489, 31 S. E. 895."

[6] We are of opinion that the action of the trial court, both in overruling the demurrer and in refusing to require the plaintiff to file a bill of particulars, is without error.

The record fully discloses that the evidence introduced by the defendant, Kelly, was an effort on his part to meet the alleged acts of negligence charged against him in the declaration. His defense was fairly submitted to the jury for determination.

[7] The third assignment of error relates to the action of the court in giving twelve instructions, on the motion of the plaintiff. Whether or not these instruc-

tions are amenable to the objections urged in the oral argument, we are, under Rule XXII of this court, precluded from passing upon. The object of this salutory rule is not to penalize a litigant who fails to preserve, by bill of exception or certificate, the adverse ruling of the court when the objection thereto is plainly made to appear from the record in some other form, but its object is to compel litigants to present to this court the same objections urged upon the trial court. *Levine* v. *Levine*, 144 Va. 330, 132 S. E. 320; *Keeney* v. *Commonwealth*, 147 Va. 678, 137 S. E. 478.

[8] No objections are set forth in the certificate of the trial judge. Nowhere does it appear in the record that the attention of the trial court was called to the alleged errors in the instructions. All that is said on the subject of objections to the instructions is found in the following certificate: "The foregoing instructions numbers 1 to 12, inclusive, were granted at the request of the plaintiff, and the defendant, M. D. Kelly, excepted." This is in no sense a compliance with the provisions of Rule XXII.

It is also assigned as error that "the court erred in rendering any judgment against petitioner M. D. Kelly, on the verdict found by the jury in this case."

It will be observed from reading the verdict, *supra*, that, while it is against both defendants, the jury severed the finding of damages against them. It is urged by counsel for defendant, Kelly, "that the rule of law is that a joint verdict must be rendered against joint-tort feasors, and the finding cannot be severed; that the only legal method for the plaintiff to have corrected this error was either to move the court to permit him to take judgment against one of the defendants, and *nolle prosequi* as to the other; or for a *venire de novo* to be awarded."

It appears from the orders entered in the law order books on the 13th day of November, 1925, and appearing in the record, that when the jury returned their verdict assessing damages against Kelly in the sum of $2,000.00, and against Alvis in the sum of $3,000.00, the same was received by the court without objection. Thereafter Kelly moved the court in arrest of judgment and to set aside the verdict because contrary to the law and the evidence. These motions were continued until the 5th day of December. On this day the plaintiff, by counsel, moved the court to reduce the verdict of the jury against Alvis from $3,000.00, to the sum of $2,000.00, and to render judgment in her favor jointly against the defendants, Alvis and Kelly, for the said sum of $2,000.00, Taking time to consider, the court, in vacation, on the 21st day of December, entered an order sustaining the motion of the plaintiff, and entered the following judgment: "Therefore it is considered by the court that the plaintiff, Martha Schneller, recover of the defendants, Newton Alvis and M. D. Kelly, jointly, the sum of two thousand dollars ($2,000.00), with legal interest thereon from the 5th day of December, 1925, till paid and her costs by her in this behalf expended."

[9] Whatever the decisions elsewhere, the true rule in this jurisdiction is, that, with one exception (where no harm is done a defendant), in an action against several for a single wrong, the verdict should be a joint one against all found guilty. Burks' Pleading & Practice, page 536; *Southern Ry. Co.* v. *Fitzpatrick*, 129 Va. 246, 105 S. E. 663.

In the principal case of *Crawford and others* v. *Morris*, 5 Gratt. (46 Va.) 102, Judge Baldwin, citing with approval *Hill* v. *Goodchild*, 5 Burr. 2790; *Bohum* v. *Taylor*, 6 Cow. (N. Y.) 315, and *Ammonett* v. *Harris &*

*Turpin,* 1 Hen. & Munf. (11 Va.) 488, said: "In a joint action of trespass against several, if the jury find the defendants guilty jointly, and especially if they have pleaded jointly, it is the duty of the jury to assess the damages jointly against all; for otherwise they depart from their own finding, which is that the defendants are equally guilty, and from the rule of law which makes joint trespassers liable for the amount which the most culpable ought to pay."

The main assignment of error involved in that case related to the action of the trial court in instructing the jury that they could sever the damages and assess, respectively, what in their opinion each defendant found guilty ought to pay. In dealing with this question, on page 103, it is said: "It seems to me, however, that it can never be correct for the court to instruct the jury, as was done in the present case, that they may sever in the damages, and assess respectively what in their opinion each party found guilty ought to pay; for if such a practice be allowed to prevail it must abrogate the rule, so well established, that the damages cannot be severed. In *Brown* v. *Allen & Oliver,* 4 Esp. N. P. C. 158, Lord Ellenborough instructed the jury that they could not sever the damages and give more against one defendant than against the other; but that they should therefore take it as their rule in estimating the verdict against both to find the amount which they thought the most culpable of the defendants ought to pay. It must, I think, be erroneous to instruct the jury to find a wrong verdict, upon which the plaintiff cannot take judgment in conformity therewith. *Mitchell* v. *Milbank, etc.,* 6 T. R. 199.

"And yet I think the judgment in this case cannot be reversed for that error. It cannot be treated as error to the prejudice of the appellant, who is not subjected

beyond his legal responsibility; but must be regarded as rather to the prejudice of the plaintiff, who was entitled to a joint verdict against all the defendants for the whole amount of damage he had sustained, instead of an apportionment amongst them of the aggregate amount, part of which, too, he was obliged to relinquish in order to obtain any judgment for the rest."

[10, 11] While it was irregular for the trial court to enter the judgment it did, we are unable to perceive any injury done the defendant, Kelly. The act of the court imposes upon him no additional liability. He certainly is not injured by having Alvin share jointly in the payment of the judgment. "The rule of reason and of law is, that a party can only complain of a judgment which has, or may have, operated injury to him." There is no complaint on the part of Alvis. There should be no relief afforded on this score in behalf of Kelly. This assignment of error is without merit.

The remaining assignment of error relates to the action of the court in overruling the motion of the defendant, Kelly, to set aside the verdict of the jury as contrary to the law and the evidence. Mrs. Schneller, the plaintiff, states that Kelly passed her on the road near the place of the accident. Immediately thereafter the automobiles of Kelly and Alvis went very close together. In trying to avoid a collision both cars were driven on the wrong side of the road; that is, each automobile was driven diagonally across the road to the left hand sides of the respective drivers, the car of Alvis striking the plaintiff. On the main question, as to whose negligence caused the injuries to the plaintiff, the verbal evidence is in conflict. While conceding that the evidence is conflicting, it is urged upon us by

counsel that the conflict in the testimony of the witnesses is controlled by certain physical facts disclosed by the evidence. The physical facts relied on are the tracks of the automobiles made upon the highway at and near the place of the accident. The evidence of the witnesses who testified as to the location of the tracks is not to our mind clear and convincing. The weight to be given physical facts when they demonstrate verbal testimony to be untrue is discussed in *Norfolk & W. Ry. Co.* v. *Strickler*, 118 Va. 153, 86 S. E. 824; *Norfolk & W. Ry. Co.* v. *Crowe*, 110 Va. 798, 67 S. E. 518; *City of Charlottesville* v. *Jones*, 123 Va. 682, 97 S. E. 316.

[12] The jury having resolved all conflicts in the evidence in favor of the plaintiff, this court is concluded by the verdict of the jury, unless it is without evidence to support it.

[13] Viewing the case from the standpoint of a demurrer to the evidence, we are of the opinion that the evidence is ample to sustain the verdict, and the action of the trial court in entering judgment thereon is without error. We are of opinion, therefore, to affirm the judgment of the trial court.

*Affirmed.*