## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Margaret M. Cephas

v.

Thomas W. Flowers

December 28, 1962

Case No. A-5211

By JUDGE ALEX H. SANDS, JR.

This matter is before the court upon plaintiff's motion to quash defendant's motion for bill of particulars. The sketch for order submitted by defendant seeks to elicit by bill of particulars the following.

(1) Nature and extent of injuries claimed, (2) Amount of medical, hospital, doctors and related bills incurred and to whom paid, (3) Name and address of plaintiff's employer at the time of accident and her weekly income at time of accident, (4) Amount of time lost from employment, (5) Total amount of lost earnings claimed, and (6) A statement of other damages, if any, claimed by plaintiff in this action.

Plaintiff does not question defendant's entitlement to the information but challenges the right of defendant to secure it through bill of particulars.

The sole function of a bill of particulars appears to be the *clarification* of allegations in a pleading. While the conditions justifying the ordering of a bill of particulars under Virginia practice has been suggested in numerous Virginia decisions (see *Alexander* v. *Kuykendall*, 192 Va. 8 (1951); *Miller* v. *Johnson*, 191 Va. 768 (1951)), yet the clearest statement is found in the comments of the Committee on the Rules (Judicial Council for Virginia, *Proposed Modification of Practice and Procedure* 28 (1949)) to the effect that the true test is *whether*

*the moving party knows the ground of the claim in sufficient detail to prepare his defense.* In regards this view of the Committee the author of an article in 39 Va. Law Review at page 991 makes this very practical observation:

> It was not intended under this test that the court should freely order a bill of particulars. According to the Committee the bill would only be required where the court is satisfied that the moving party does not *know* the *grounds* of the claim in sufficient detail to prepare his defense. The theory is that since the defendant or his agent would ordinarily have been present at the accident, he would have the requisite knowledge in a negligence case.

The court believes that the motion for judgment in the instant case gives the defendant ample knowledge of the *nature* of the alleged claim to enable him properly to prepare his defense and to file responsive pleadings to the merits. Moreover if we are to accept the principle of *Kelly v. Schneller*, 148 Va. 573 (1927), that "a plaintiff is not required, in a bill of particulars, to enter into matters of evidence," this would be an additional reason for refusing the motion for a bill of particulars in this case. Defendant has other means of securing the information sought.

For the above reasons, the plaintiff's motion to quash will be sustained.