## CITY OF PORTSMOUTH v. MICHAEL J. CILUMBRELLO.

January 14, 1963.

Record No. 5500.

Present, All the Justices.

The opinion states the case.

*J. S. Livesay, Jr., City Attorney*, for the plaintiff in error.

*L. David Lindauer (Bangel, Bangel & Bangel*, on brief), for the defendant in error.

CARRICO, J., delivered the opinion of the court.

■ Michael J. Cilumbrello, the plaintiff, filed a motion for judgment against the city of Portsmouth seeking to recover damages for personal injuries allegedly sustained when the automobile he was operating struck a sewer manhole protruding above the surface of a street maintained by the city. The plaintiff alleged that the city was negligent in so maintaining the manhole. A jury trial resulted in a verdict in favor of the plaintiff in the sum of $2,750.00. We awarded the city a writ of error from the final judgment approving the verdict.

The questions presented do not require a detailed statement of the manner in which the accident occurred. The first question is:

Did the court err in refusing to quash the process in the case because the notice required by Code, § 8-653, served on the city by the plaintiff, was insufficient?

Code, § 8-653, provides that written notice be given a city of a claim asserted against it by reason of its alleged negligence, within 60 days after the cause of action shall have accrued. The notice must set forth the nature of the claim and the time and place at which the injury is alleged to have occurred.

The purpose of the notice required by § 8-653 is to give the city the, "opportunity to investigate the circumstances, examine the locality in which the injury is alleged to have occurred, and to discover the witnesses promptly so as to ascertain the facts while their recollections

are fresh." *O'Neil* v. *City of Richmond,* 141 Va. 168, 172, 126 S. E. 56.

The pertinent portions of the notice served on the city by the plaintiff were as follows:

"You are hereby notified that I was on the 29th day of November, 1960, injured as a result of the negligence of the City of Portsmouth; on that night I was operating my automobile on Fauquier Street in the City of Portsmouth, near Rockbridge Road when I was injured because the City had negligently constructed, maintained, and permitted to exist a manhole located within Fauquier Street near Rockbridge Road and located behind the Portsmouth Hardware Company in the City of Portsmouth and as a result I was seriously and permanently injured. I am making claim for damages."

The notice was served on the city on December 7, 1960, eight days after the accident was alleged to have occurred.

We are of opinion that the plaintiff's notice met the requirements of Code, § 8-653, and that it fulfilled the purpose for which the statute exists.

The notice told the city of the nature of the plaintiff's claim, i. e., that he was injured because the city negligently constructed, maintained and permitted to exist a sewer manhole on one of its streets; it informed the city when the injury occurred, i. e., on November 29, 1960; it advised the city of the place at which the injury was suffered, i. e., on Fauquier Street near Rockbridge Road, behind the Portsmouth Hardware Company. It afforded the city ample opportunity to investigate the alleged accident, to examine the alleged defect and to locate witnesses. The trial judge did not err in holding the notice sufficient.

■ The second question is:

Did the court err in refusing to require the plaintiff, in a discovery deposition, to disclose to the city the contents of a medical report in his possession concerning the injuries suffered in the accident?

The city, approximately three weeks before trial, moved the court to require the plaintiff to submit to the taking of a discovery deposition pursuant to Rule 3:23 (c), Rules of Court. Among other matters, the city sought to have the court rule that it was entitled to be informed, in the deposition, of the contents of a medical report in the possession of the plaintiff.

The court ordered the plaintiff to submit to the deposition but ruled that he would not be required to produce the medical report in

his possession because, the judge said, the contents of the report were confidential between the plaintiff and his physician.

The applicability of Rule 3:23 (c), we are told, has been the subject of considerable discussion by the bench and bar of this Commonwealth. Apparently, it is interpreted in one manner by some trial courts and in quite a different manner by others. It comes to our attention that medical reports, such as are at issue before us, are ordered to be produced by some courts and refused by others.

Rule 3:23 (c) reads as follows:

"On motion of any party, the court, if satisfied by affidavit, testimony, inspection of the pleadings or otherwise that the moving party in good faith desires access by way of discovery to evidence, the names and addresses of witnesses, or other information subject to the control of the adverse party or of a third person, shall permit the taking of a deposition for discovery and shall enter an order requiring the adverse party or such third person to attend at a time and place and before a notary or commissioner named in the order and to answer questions relevant to subjects named in the order and to make available for inspection, copying or photographing any writing, chattel or real property described in the order. The court shall deny the motion if it finds that granting the motion would unreasonably delay the case or impose unreasonable hardship or expense on the adverse party."

The purposes of the rule are to aid in the dispatch of litigation, to encourage the settlement of cases, to reduce the issues so as to shorten time consumed in trial and to prevent surprise.

The intent of the rule has been ably explained by Aubrey R. Bowles, Jr., a member of the Richmond bar and of the drafting committee of the Judicial Council, which recommended the adoption of the rule, in its present form, by this Court. He said, in a speech delivered to the Judicial Conference of Virginia on May 11, 1962:

"The intent of the rule in its amended form is that, if the request for discovery in any specified area is found to have been made in good faith, the granting of discovery becomes mandatory, unless it causes unreasonable delay, hardship or expense.

"The good faith of the request for discovery was made the sole test so that it would be plain that discovery could not be used in Virginia as a subterfuge by which the adverse party or witnesses may be cross-examined in advance of trial."

The purposes and the intent of the rule cannot be served if proper information, sought in good faith and in due time, is denied to the moving party.

We are of opinion that a trial court, upon proper motion, should order the opposing party to submit to the taking of a deposition for discovery and, in such discovery process, produce medical reports, subject to his control, relating to the injuries at issue. This action should be taken if the court is satisfied that the moving party in good faith desires access to such reports and if the granting of the motion would not cause unreasonble delay or impose unreasonable hardship or expense upon the adverse party.

In the case before us, no claim was made that the city lacked good faith in its desire to have access to the medical report in the plaintiff's possession; no contention was made that unreasonable delay, hardship or expense would have been caused by requiring the disclosure of the contents of the report in the discovery deposition.

The contents of such reports are not privileged, as otherwise might be true in the physician-patient relationship, because Code, § 8-289.1, removes the privilege when the physical or mental condition of the patient is at issue, in any action, suit or proceeding. When the plaintiff filed his motion for judgment, seeking damages for personal injuries, and the extent of such injuries was questioned by the city, his physical condition was at issue in the action and he could not then refuse to divulge the contents of the medical report on the ground of privilege.

It was, therefore, error for the trial judge to refuse to order the plaintiff to disclose, in the discovery deposition, the contents of the medical report in his possession. There does not now exist, however, such error in this respect for which we may reverse the judgment, because it appears that the plaintiff voluntarily read into the discovery deposition the contents of the medical report in his possession. This, therefore, cured the error of the court, and left the city no grounds of complaint.

The next question presented is:

Did the trial court err in admitting, over the objections of the city, evidence of prior accidents involving the same sewer manhole which caused the plaintiff's accident?

The plaintiff called two witnesses, each of whom testified that the undercarriage of his vehicle had struck the protruding top of the manhole in question. The first of these events occurred approximately six weeks before the plaintiff's accident and the other two and one-half weeks prior thereto.

The plaintiff says that he offered this testimony because it was

necessary for him to prove that the city had notice of the dangerous condition caused by the defective manhole. The city contends that it was inadmissible because the conditions under which the prior accidents occurred were different from those surrounding the plaintiff's accident. The trial judge admitted the testimony for the purpose asserted by the plaintiff.

We are of opinion that the evidence shows that the prior accidents occurred under conditions substantially similar to those surrounding the plaintiff's accident. The evidence of the prior accidents was, therefore, admissible for the purpose stated, that is, to show that the city knew, or in the exercise of reasonable care, should have known, that a dangerous condition existed on one of its streets, and failed, in due time, to remedy the situation. *Spurlin, Adm'x* v. *Richardson*, decided December 3, 1962, 203 Va. 984, 128 S. E. 2d 273; *Powhatan Lime Co.* v. *Whetzel's Adm'x*, 118 Va. 161, 171, 86 S. E. 898.

The final question is:

Did the court err in refusing instruction B, offered by the city?

This instruction was in the following language:

"The Court instructs the jury that a municipal corporation is not an insurer against accidents upon its streets and sidewalks, nor is every defect therein, though it may cause injury, actionable. It is sufficient if the streets are in a reasonably safe condition for travel in the ordinary modes, by night as well as by day, and it is only the duty of a municipal corporation to use reasonable care to keep its streets in a safe condition for travel."

The plaintiff made no objection to the instruction when it was offered by the city, but it was refused by the trial judge, on his own motion, because of our holding in the case of *Cooper* v. *Pickett*, 202 Va. 65, 69, 116 S. E. 2d 52. The plaintiff now relies upon the same case to sustain the judge's action.

In the *Cooper* case we said that the defendant therein was not entitled to have the jury instructed that he was not an insurer of the safety of the plaintiff.

But an entirely different situation was presented in the *Cooper* case than was true in the case now before us. Cooper, a private citizen, was charged with negligence in the operation of his automobile, when it struck the plaintiff's vehicle. No reason appeared to tell the jury that he was not an insurer. Here, the city, a municipal corporation, was charged with negligence in the maintenance of one

of its streets used by the public. Substantial reason existed to grant the instruction in this case. It was necessary to dispel from the minds of the jurors the misconception, held by some members of the public, that a city is liable, in all events, for injuries suffered on its streets because of defects therein.

That such misconception does exist was graphically illustrated in the trial of the present case. One of the jurors subjected a city witness to vigorous cross-examination, which the trial judge was forced, finally, to terminate. The questions of the juror displayed clearly that he, at least, among his fellow-members, thought the city was an insurer of the plaintiff's safety.

In cases where a city has been charged with negligence, instructions containing language similar to or identical with that in the refused instruction have been given the tacit approval of this Court on a number of occasions, and its express approval in the case of *Richmond* v. *Leaker*, 99 Va. 1, 8, 37 S. E. 348. It was not intended that *Cooper* v. *Pickett, supra,* should overrule those cases. Nor do we now depart, in any respect, from our holding in the *Cooper* case. It, and the earlier cases involving the liability of cities, are reaffirmed.

For the error in refusing instruction B, the verdict of the jury will be set aside, the judgment reversed and the case remanded for a new trial in conformity with the views herein expressed.

*Reversed and remanded.*