## CIRCUIT COURT OF BEDFORD COUNTY

Julia Kirby

v.

Helen Holman

November 5, 1998

Case No. CL98009347-00

BY JUDGE JAMES W. UPDIKE, JR.

The captioned matter is presently before the court on plaintiff's Motion to Quash a subpoena duces tecum issued at the request of defendant for medical records in the possession of North Roanoke Family Counselors. As counsel are aware, the captioned matter is a cause of action for alleged personal injury resulting from a motor vehicle accident.

Plaintiff argues that the requested documents "may include privileged, confidential, and/or sensitive information which is not relevant to the present proceeding." (Plaintiff's Motion to Quash.)

In response, defendant argues that plaintiff has admitted during a previous deposition to taking Paxil, a drug prescribed for depression, and that this drug can have adverse effects, including "headache, sleep problems, malaise, neck pain, and neck rigidity," and that depression "can lead to symptom magnification." (Defendant's memorandum, p. 2.)

A hearing was conducted on plaintiff's Motion to Quash on October 19, 1998, and at the conclusion of this hearing, I ruled that I would inspect the documents *in camera* pursuant to § 32.1-127.1:03(H)(3) of the Code of Virginia. In accordance with the order entered October 28, 1998, incorporating my earlier ruling, I have now inspected the documents in question.

I rule, first of all, that these documents are not privileged as communications between physician and patient. When addressing § 8-289.1

of the Code of Virginia, the predecessor to § 8.01-399, the Supreme Court of Virginia stated:

> The contents of such [medical] reports are not privileged, as otherwise might be true in the physician-patient relationship, because Code § 8-289.1, removes the privilege when the physical or mental condition of the patient is at issue, in any action, suit or proceeding. When the plaintiff filed his motion for judgment, seeking damages for personal injuries, and the extent of such injuries was questioned by the city, his physical condition was at issue in the action and he could not then refuse to divulge the contents of the medical report on the ground of privilege.

*City of Portsmouth v. Cilumbrello*, 204 Va. 11, 15, 129 S.E.2d 31 (1963).

Notwithstanding the provisions of § 8.01-399, a patient's right of privacy is expressly recognized by § 32.1-127.1:03(A). Moreover, this statute specifically provides the following procedure when a patient objects to a subpoena duces tecum for his medical records:

> In the event that the individual whose records are being sought files a motion to quash the subpoena, the court shall decide whether good cause has been shown by the discovering party to compel disclosure of the patient's private records over the patient's objections. In determining whether good cause has been shown, the court shall consider (i) the particular purpose for which the information was collected; (ii) the degree to which the disclosure of the records would embarrass, injure, or invade the privacy of the individual; (iii) the effect of the disclosure on the individual's future health care; (iv) the importance of the information to the lawsuit or proceeding; and (v) any other relevant fact.

Section 32.1-127.1:03(H)(4).

Upon my review of the medical records in question, I have determined that there are three documents labeled SCL-90-R interpretive reports and dated March 8, 1995, March 23, 1995, and April 17, 1995, respectively. These documents address the level of plaintiff's distress and certain complaints associated with her distress. In my opinion, this information may be relevant to plaintiff's present claim of personal injury and may lead to discovery of admissible evidence at trial. Moreover, there is no information within these three documents concerning events of plaintiff's past. After consideration of

the factors set forth in § 32.1-127.1:03(H)(4), I find good cause for disclosure of these three documents upon entry of an appropriate protective order.

The remaining documents within these medical records pertain to billing information, correspondence, and interdisciplinary/progress notes ending June 30, 1992. I am confident that this information is not relevant to the subject matter of this case and would not lead to the discovery of admissible evidence. After consideration of the factors set forth in § 32.1-127.1:03(H)(4), I rule that good cause for disclosure of the information in these medical records, with the exception of the three previously described documents, has not been demonstrated.

I therefore partially grant plaintiff's motion to quash the subpoena duces tecum that was issued for the medical records of North Roanoke Family Counselors in that I disallow disclosure to defendant all information contained within these medical records with the exception of the three SCL-90-R interpretive reports dated March 8, 1995, March 23, 1995, and April 17, 1995.

I will prepare a securely sealed package containing copies of the three previously described documents for counsel for each party, and, to ensure plaintiff's privacy, I will require that these documents be delivered only to counsel, in person, by either a clerk of this court or me personally, unless counsel can agree to some other method of delivery that sufficiently ensures the confidentiality of these materials.

The order will prohibit any dissemination of the disclosed information beyond counsel for the parties, except for purposes of consultation with medical and psychological experts during trial preparation.

I further order that upon the conclusion of this case, counsel for the parties return the disclosed documents to this court for subsequent return to North Roanoke Family Counselors.

I direct the clerk of this court to return the medical records of North Roanoke Family Counselors that are presently within the possession of this court to North Roanoke Family Counselors in a securely sealed envelope, with certified copies of the orders pertaining to these records, as required by § 32.1-127.1:03(H)(3) of the Code of Virginia.